FILED
16 OCT 14 PM 3:48

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 16-2-24997-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR KING COUNTY

| | |
|---|---|
| VALERIE SAMPSON, on her own behalf and on the behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION INC., an Arizona Corporation,<br><br>Defendant. | CLASS ACTION<br><br>No.<br><br>PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |

Plaintiff, individually and on behalf of all others similarly situated, by and through her counsel, for her class action complaint against Defendant hereby states and alleges as follows:

### I. INTRODUCTION

1. Defendant Knight Transportation Inc. ("Defendant" or "Knight") is a truckload company that services customers by delivering goods for their customers by use of trucks. Defendant has more than 3,500 employees nationwide. Upon information and belief Defendant has employed more than one hundred fifty (150) Washington State driver employees in the last three years. Defendant's policy and practice is to deny wages and rest break pay to its driver employees, by failing to pay them for rest breaks, failing to pay them for all time worked, failing to pay them

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

overtime, and unlawfully deducting from their wages. Defendant's deliberate failure to pay these driver employees their earned wages violates Washington law.

**2.** Plaintiff and Class members are current and former Washington State driver employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to the individual Plaintiff and all other similarly situated employees.

## II. JURISDICTION AND VENUE

**3.** Venue is proper in King County because Plaintiff Sampson has worked for Defendant in King County where violations alleged herein occurred. In addition, Defendant transacts business in King County and some of the specific acts, as well as the course of conduct alleged herein, occurred in King County.

**4.** The Defendant is within the jurisdiction of this Court. Defendant does business in the State of Washington and has operations in King County. Defendant is registered in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

## III. PARTIES

**5.** Defendant Knight is an Arizona corporation, registered in the state of Washington.

**6.** Named Plaintiff Valerie Sampson has been a resident of the State of Washington during her employment with Defendant Knight. Ms. Sampson worked as a driver for Defendant from on or about May 21, 2015 to January 18, 2016. During her employment with Knight, she had a commercial driver's license issued by the State of Washington.

## IV. CLASS ACTION ALLEGATIONS

**7.** Plaintiff brings this case as a class action pursuant to Washington Civil Rule 23 on

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

behalf of a class consisting of:

> All current and former driver employees of Knight Transportation, Inc. who at any time from July 1, 2013 through the date of final disposition, worked as drivers for the company while residing in the State of Washington.

Excluded from this Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees and successors. Also excluded are the Judge(s) to whom this case is assigned and any member of the Judge's immediate family. Also excluded from this Class are any members of the Class in the case *Helde v. Knight Transp. Inc.*, Case No. 2:12-cv-00904-RSL (W.D. Wash.).

**8.** Plaintiff believes there are least 150 current and former employees in the Class.

**9.** Plaintiff's claims are typical of the claims of the members of the Class because she was a truck driver who, like the members of the Class, sustained damages arising out of Defendant's failure to pay wages.

**10.** Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex and class action litigation, including employment law.

**11.** Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and the Class are:

**a.** Whether Defendant failed to properly compensate Plaintiff and the Class for all hours worked;

**b.** Whether Defendant failed to properly compensate Plaintiff and the Class at an overtime rate for hours worked in excess of 40 per workweek;

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

  **c.** Whether Defendant failed to pay separate compensation to Plaintiffs and Class members for rest breaks, whether received or not;

  **d.** Whether Defendant made unlawful deductions to the wages of Plaintiff and Class members;

  **e.** Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

  **f.** Whether Defendant violated RCW 49.12 *et. seq* as to Plaintiff and the Class

  **g.** Whether Defendant violated RCW 49.48.010 as to Plaintiff and the Class;

  **h.** Whether Defendant violated RCW 49.46.090 as to Plaintiff and the Class;

  **i.** Whether Defendant violated RCW 49.46.130 as to Plaintiff and the Class;

  **j.** Whether Defendant violated RCW 49.52.050 as to Plaintiff and the Class;

  **k.** Whether Defendant violated WAC 296-126-021 as to Plaintiff and the Class;

  **l.** Whether Defendant violated WAC 296-126-023 as to Plaintiff and the Class;

  **m.** Whether Defendant violated WAC 296-126-025 as to Plaintiff and the Class;

  **n.** Whether Defendant violated WAC 296-126-028 as to Plaintiff and the Class;

  **o.** Whether Defendant violated WAC 296-126-040 as to Plaintiff and the Class;

  **p.** Whether Defendant violated WAC 296-126-092 as to Plaintiff and the Class;

  **q.** Whether Defendant violated WAC 296-128-010 as to Plaintiff and the Class;

  **r.** Whether Defendant violated WAC 296-128-011 as to Plaintiff and the Class;

  **s.** Whether Defendant violated WAC 296-128-012 as to Plaintiff and the Class;

  **t.** Whether Defendant violated WAC 296-128-020 as to Plaintiff and the Class;

  **u.** Whether Defendant violated WAC 296-128-035 as to Plaintiff and the Class;

  **v.** Whether Defendant willfully deprived Plaintiff and the Class of the wages to which they

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4 of 12

**Rekhi & Wolk, P.S.**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

were entitled; and,

**w.** The nature and extent of class-wide injury and the measure of compensation for such injury.

12. Class action treatment is superior to the alternative for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their modest, purely economic, common claims in a single forum simultaneously, efficiently and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from Defendant's records.

13. Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all matters is impractical. Furthermore, the amounts at stake for many of the class members, while substantial to them, are not great enough to hire an attorney to prosecute individual suits against Defendant.

15. Without a class action, Defendant will likely continue its course of illegal action which will cause further damage to Plaintiff and the Class.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

## V. SUMMARY OF ALLEGATIONS

**16.** Beginning at a date currently unknown to Plaintiff, but at least as early as July 2013, Defendant committed, and continues to commit, acts of wage abuse against its employees, specifically drivers.

**17.** Defendant has failed to pay Plaintiff and the Class for all time that they have worked as employees, including failing to pay minimum wage to Plaintiff and the Class for work performed at mandatory orientation.

**18.** Defendant has also failed to pay Plaintiff and the Class minimum wage for all work performed, including work performed when not driving.

**19.** Defendant also violated wage law(s) by not paying Plaintiff and the Class for rest periods.

**20.** Defendant has made unlawful deductions, including through administering per diem payments, from the wages of Plaintiff and Class members. Defendant derived a financial benefit from the deductions.

**21.** Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class, and Defendant has failed to furnish proper payroll documents to Plaintiff and the Class.

## VI. FIRST CLAIM FOR RELIEF
### (Minimum Wage Act: RCW 49.46.090 and RCW 49.46.130)

**22.** Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**23.** Defendant failed to pay Plaintiff and Class members minimum wage pursuant to RCW 49.46 *et seq.* for all time worked for Defendant.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6 of 12

**Rekhi & Wolk, P.S.**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

**24.** RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than 40 hours unless the employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and half times the regular rate at which he is employed. RCW 49.46.130 (f) excludes an individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act (49 U.S.C. Sec. 3101 et seq. and 49 U.S.C. Sec. 10101 et seq.), if the compensation system under which the truck or bus driver is paid includes overtime pay, reasonably equivalent to that required by this subsection, for working longer than forty hours per week. Upon information and belief Defendant did not employ a "reasonably equivalent" method to pay overtime to Plaintiff and Class members.

**25.** WAC 296-128-012 provides a method for compensating truck drivers for overtime pay. Defendant did not compensate Plaintiff and Class members for overtime worked.

**26.** Defendant created a mandatory orientation program for Plaintiff and Class members. Defendant failed to pay Plaintiff and Class members minimum wage for time worked during the mandatory driver orientation program.

**27.** Defendant failed to pay Plaintiff and Class members for time spent on duty not driving—that is, when the drivers were performing work for Defendant other than driving.

**28.** By the actions alleged above, Defendant violated the provisions of RCW 49.46 *et seq*.

**29.** Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"). If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

**30.** By the actions alleged above, Defendant violated the provisions of RCW 49.46.090

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7 of 12

**Rekhi & Wolk, P.S.**
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

and the WMWA by failing to pay any wage whatsoever to Plaintiff and the Class for part of time they worked, including but not limited to, orientation, driving inspections, load and unload times, fueling, wait times, rest breaks, etc. Defendant failed to pay Plaintiff and the Class at all for certain hours worked. Defendant failed to pay Plaintiff and the Class minimum wage for all hours worked for Defendant.

31.     As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to RCW 49.46.090 and 49.48.030 are entitled to attorneys' fees and costs.

### VII.    SECOND CLAIM OF RELIEF
**(Failure to Pay for Rest Breaks: WAC 296-126-092 and RCW 49.12.020)**

32.     Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

33.     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

34.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

35.     Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

36.     WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

**37.** By the actions alleged above, Defendant has violated the provisions of WAC 296-126-092 and RCW 49.12.020.

**38.** As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.

### VIII. THIRD CLAIM OF RELIEF
### (Unpaid Wages on Termination: RCW 49.48)

**39.** Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**40.** RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

**41.** By the actions alleged above, Defendant violated the provisions of RCW 49.48.010.

**42.** As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to RCW 49.48.030 are entitled to recover of such amounts, including interest thereon, attorneys' fees and costs.

### IX. FOURTH CLAIM FOR RELIEF
### (Unlawful Deductions)

**43.** Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 9 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887

44.  Defendant made deductions from Plaintiff and the Class wages, including for per diem expenses, to gain a monetary benefit. These deductions were disadvantageous to Plaintiff and the Class. Further, such deductions reduced Plaintiff and the Class's wages below the agreed upon rate.

45.  Defendant made deductions from Plaintiff's and the Class member's wages for administrating the per diem program.

46.  By the actions alleged above, Defendant violated Washington laws. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation for time worked. Pursuant to RCW 49.52.060. RCW 49.48.010 and RCW 49.46.090, Plaintiffs and the Class are entitled to recover attorneys' fees and costs of suit.

## X.  FIFTH CLAIM FOR RELIEF
### (Willful Refusal to Pay Wages: RCW 49.52.050)

47.  Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

48.  RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

49.  RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

50.  The alleged unlawful actions by Defendant against Plaintiff and the Class, as set forth above, were committed willfully and with intent to deprive Plaintiff and the Class of part of their wages.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 10 of 12

**Rekhi & Wolk, P.S.**
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

**51.** As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

**52.** As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime and straight time compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070 are entitled to recovery of twice such amounts, including interest thereon, attorneys' fees and costs.

## XI.     PRAYER FOR RELIEF

Wherefore, Plaintiff, on her own behalf and on behalf of the members of the Class, pray for judgment against the Defendant as follows:

**A.** Certification of the proposed Plaintiff Class;

**B.** A declaration that Defendant is financially responsible for notifying all Class members of its wage and hour violations;

**C.** Appoint Plaintiff Valerie Sampson as Class representative;

**D.** Appoint the undersigned counsel as Class counsel;

**E.** Declare that the actions complained of herein violate Washington law and administrative codes;

**F.** Award Plaintiff and the Class compensatory and exemplary damages;

**G.** Award Plaintiff and the Class attorneys' fees and costs, as allowed by law;

**H.** Award Plaintiff and the Class pre-judgment and post-judgment interest, as provided by law; and

**I.** Grant such other and further relief as this Court deems necessary.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 11 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

DATED this 14th day of October, 2016.

| REKHI & WOLK, P.S. | TERRELL MARSHALL LAW GROUP PLLC |
|---|---|
| By: *s/ Hardeep S. Rekhi*<br>Hardeep S. Rekhi, WSBA No. 34579<br>Gregory A. Wolk, WSBA No. 28946<br>1411 Fourth Avenue, Suite 1101<br>Seattle, WA 98101<br>Telephone: (206) 388-5887<br>Fax: (206) 577-3924<br>E-Mail: hardeep@rekhiwolk.com<br>E-Mail: greg@rekhiwolk.com<br>*Attorneys for Plaintiff* | By: *s/ Toby J. Marshall*<br>Toby J. Marshall, WSBA No. 32726<br>Erika L. Nusser, WSBA No. 40854<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103<br>Telephone: (206) 816-6603<br>Fax: (206) 319-5450<br>E-Mail: tmarshall@terrellmarshall.com<br>E-Mail: enusser@terrellmarshall.com<br>*Attorneys for Plaintiff* |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 12 of 12

Rekhi & Wolk, P.S.
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887