THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON, on her own behalf and on the behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>KNIGHT TRANSPORTATION, INC.,<br><br>Defendant. | CASE NO. C17-0028-JCC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY QUESTION TO THE WASHINGTON SUPREME COURT |

This matter comes before the Court on Plaintiff Valerie Sampson's motion to certify a question to the Washington Supreme Court (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

Plaintiff alleges that Defendant Knight Transportation "committed, and continues to commit, acts of wage abuse against its employees, specifically drivers." (Dkt. No. 5 at ¶ 16.) Defendant pays its drivers on a piece-rate system by the mile using rates that account for experience and the length of haul. (Dkt. No. 15-2 at 3.) However, with limited exceptions, Defendant does not pay for time spent working on activities other than driving, which the drivers log as "on duty, not driving" time. (Dkt. No. 15-2 at 4, 7, 9, 12.) Plaintiff alleges Defendant failed to pay her for all work performed, including work performed when not driving, in

violation of the Washington Minimum Wage Act (MWA). (*Id.* at ¶¶ 18, 23.) Plaintiff now asks this Court to certify the following question to the Washington Supreme Court: Does the MWA require non-agricultural employers to pay their pieceworkers for time spent performing activities outside of piece-rate work? (Dkt. No. 14 at 6.) This Court previously denied an almost identical request last year. *See Mendis v. Schneider National Carriers, Inc.*, C15-0144-JCC, Dkt. No. 92 at 5–7.

"Certification of questions of state law to the highest court of the state 'provides a means to obtain authoritative answers to unclear questions of state law.'" *Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) (quoting *Toner v. Lederle Lab.*, 779 F.2d 1429, 1432 (9th Cir. 1986)). The certification standard is as follows:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev. Code § 2.60.020.

However, the "Washington Supreme Court does not operate as a court of appeals for decisions of [district courts]." *Hann v. Metro. Cas. Ins. Co.*, 2012 WL 3098711, at *3 (W.D. Wash. July 30, 2012). "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (internal quotation marks omitted). Where the state court is in no better position than the federal court to interpret the state statute, certification is inappropriate. *Micomonaco*, 45 F.3d at 322. The decision to certify a question rests in the discretion of the district court. *Id.*

Plaintiff argues that although this Court previously denied a nearly identical motion brought by the same attorneys as this motion, the Court erred because this piece-rate work question is an unanswered question of law. (Dkt. No. 14 at 7.) As outlined in this Court's

previous order in *Mendis*, the MWA "provides flexibility in negotiating the method and amount of compensation in an employment relationship." *Helde v. Knight Transp., Inc. (Helde II)*, 2016 WL 1687961, at *1 (W.D. Wash. April 26, 2016). In *Helde II*, the plaintiffs were truck drivers who argued that the MWA required the defendant to pay them for non-driving time. The court examined the MWA and Washington Administrative Code (WAC) 296-126-021 and 296-128-550 and held that "as long as the employer pays its employees the equivalent of the minimum wage rate for each hour of work, the parties are free to establish a . . . piece rate . . . or other system of compensation." *Id.* (citing *Inniss v. Tandy Corp.*, 7 P.3d 807, 815 (Wash. 2000) (upholding employer's choice "not to calculate the regular rate as 'hourly rate' but as a ration of weekly base salary to total hours worked in a workweek. The [MWA] permits this choice.")).

Here, the facts weigh against certifying the question. First, the Western District of Washington has already issued a decision on point, *see Helde II*, 2016 WL 1687961 (W.D. Wash. April 26, 2016), and there has been no change in law since this Court's decision in *Mendis*. Second, *Helde II* interpreted state statutes, and nothing in *Helde II* suggests the Washington Supreme Court would have been in a better position to answer the question. Finally, it appears that Plaintiff is attempting to seek appellate review of this Court's decision in *Helde II* for the second time. Therefore, the motion to certify the question is DENIED.

Plaintiff also points out the Washington Supreme Court is currently reviewing the piece-rate work issue as it relates to agricultural employers. *See Carranza v. Dovex Fruit Company*, Case No. 94229. Plaintiff argues this Court should stay resolution of the issue pending the forthcoming decision. (Dkt. No. 14 at 13.) However, *Carranza*'s examination deals with agricultural workers and the WAC sections at issue in that case will have no application here. Therefore, Plaintiff's request for a stay is also DENIED.

For the foregoing reasons, Plaintiff's motion to certify a question to the Washington Supreme Court (Dkt. No. 14) is DENIED.

//

CERTIFY QUESTION TO THE WASHINGTON
SUPREME COURT
PAGE - 3

1    DATED this 31st day of July 2017.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO THE WASHINGTON
SUPREME COURT
PAGE - 4