THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON, on behalf of herself and on the behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC.,<br><br>Defendant. | CASE NO. C17-0028-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for leave to amend her class action complaint (Dkt. No. 29). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.  BACKGROUND**

Plaintiff, Valerie Sampson ("Sampson"), worked as a truck driver for Defendant, Knight Transportation, Inc., ("Knight") from May 2015 to January 2016. (Dkt. No. 29 at 5.) During her employment, Sampson alleges Knight did not comply with wage and hour laws that applied to its employees residing in Washington. (*Id.*) On October 14, 2016, Sampson filed a class action lawsuit against Knight on behalf of "[a]ll current and former driver employees of Knight Transportation, Inc. who at any time from July 1, 2013 through the date of final disposition,

worked as drivers for the company while residing in the State of Washington." (Dkt. No. 5.)[1]
Sampson claims, among other things, that Knight failed to pay its drivers minimum wage, failed
to pay for rest periods, made unlawful payroll deductions and did not keep accurate time records
for the hours worked by its drivers. (*Id.* at 11.)

At a status conference on February 22, 2017, the Court ordered the parties to provide a
proposed schedule for class certification briefing. (Dkt. No. 11.) The parties initially agreed that
briefing would be completed on September 8, 2017. (Dkt. No. 12.) On June 29, 2017, the parties
stipulated to an extension of the class certification briefing deadline to October 23, 2017. (Dkt.
No. 21.) The Court has not set a discovery cutoff date or a deadline for filing amended pleadings.

On August 2, 2017, Sampson conducted a deposition of Knight's Chief Operations
Officer, Kevin Quast ("Quast"). (Dkt. No. 30 at 25.) During the deposition, Quast stated that
Knight employs and oversees truck drivers who reside in Washington under three different
"business lines:" Knight Dry Van ("Dry Van"); Knight Port Services ("Port Services"); and
Knight Refrigerated ("Refrigerated"). (Dkt. No. 30 at 20–21.)[2] Sampson worked for only the Dry
Van business. (Dkt. No. 33 at 9.)

Quast stated that the different business lines are part of one corporate structure that is
headed by the same executive officers. (Dkt. No. 30 at 25–26.) Beneath the corporate executive
level, the entities have different management structures. (*Id.* at 29.) The businesses all share the
same payroll department and payroll processing system. (*Id.* at 26–27.) Quast testified that the
rate of pay for drivers in the three businesses is essentially the same. (*Id.* at 27.)

After learning that Port Services and Refrigerated were separate entities from Knight,
each of which employed truck drivers residing in Washington, Sampson's counsel interviewed
David Raymond ("Raymond"), a truck driver formerly employed by Port Services and

---

[1] Knight removed the case to this Court on January 6, 2017. (Dkt. No. 1.)

[2] Knight Refrigerated, LLC and Knight Port Services, LLC are subsidiaries of Knight Transportation, Inc. (Dkt. No. 33 at 4.)

1 Refrigerated. (Dkt. No. 29 at 8; Dkt. No. 30 at 7.) On August 18, 2017, Sampson filed a motion asking the Court for leave to amend her complaint in order to add Raymond as an additional class representative as well as Refrigerated and Port Services as defendants. (Dkt. No. 30 6–7.) In the proposed amended complaint, Raymond alleges the same claims against Refrigerated and Port Services as Sampson initially brought against Knight (*Id*. at 11–14.) The Parties have since stipulated to an extension of the class certification briefing deadline to February 16, 2018. (Dkt. No. 31.)

## II. DISCUSSION

### A. Legal Standard for Motion to Amend

The district court is afforded discretion to grant leave to amend and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). Courts are to consider five factors in granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *See, e.g. United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). If an untimely motion to amend would require modification of a pretrial scheduling order, however, the stricter standards of Federal Rule of Civil Procedure 16 ("Rule 16") require the moving party to demonstrate "good cause." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607–608 (9th Cir. 1992).

### B. Sampson's Motion to Amend

As an initial matter, Sampson need not demonstrate good cause under Rule 16 because her request to amend is timely. (Dkt. No. 12.) The Court set class certification briefing deadlines but did not set a date by which amended pleadings had to be filed. (*Id*.) Since her motion does not violate the scheduling order, the Court need only consider the five factors that apply to granting amendments under Federal Rule of Civil Procedure 15 ("Rule 15').

Sampson's amendment is appropriate under Rule 15's "when justice so requires"

standard. F. R. Civ. P. 15(a). First, there is no suggestion in the record that Sampson makes her amendment in bad faith, that Raymond's claims, if added, would be futile, or that Sampson has previously amended her complaint. Second, the Court does not believe Sampson's motion was made after undue delay.

When Sampson deposed Quast on August 2, 2017, she learned of the facts that led to this motion: Port Services and Refrigerated were part of the same corporate structure as Knight, each entity employed truck drivers in Washington, and all of the entities used the same payroll system. (*See* Dkt. No. 29, 6–7.) Within weeks of learning that information, Sampson's counsel identified Raymond as a class representative and moved to amend. (*Id*. at 8.)

Knight suggests that Sampson's counsel knew about this information based on their participation in a similar lawsuit against the company in 2012. (Dkt. No. 33 at 5.) The Court does not think the record establishes that Sampson was aware of all the facts about Refrigerated and Port Services that link them to the present class action lawsuit. Moreover, the speed with which Sampson made her motion after deposing Quast demonstrates that she was unaware of the information. (Dkt. No. 29 at 8.) The Court does not find a basis for undue delay.

Nor does the Court believe that Knight will be unduly prejudiced by the amendment. A plaintiff's amended complaint can cause prejudice where it delays the proceeding and causes additional discovery. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999). Since this case has been pending, the parties have twice stipulated to extensions of the class certification briefings—the most recent of which set the deadline as February 16, 2018. (Dkt. No. 31.) While Knight states that adding Refrigerated and Port Services will lead to some additional discovery, it does not suggest that this discovery would be especially costly or drawn-out. (*See* Dkt. No. 33 at 9.) This is particularly true given that the discovery deadline has not passed and class certification briefing is not due until February 2018. (Dkt. No. 32.)

In granting the amendment, the Court is also guided by the mandate that the Federal Rules of Civil Procedure be construed "to secure the just, speedy and inexpensive determination

of every action and proceeding." F. R. Civ. P. 1. In opposing the amendment, Knight acknowledges that Raymond could bring a separate class action against Refrigerated and Port Services, and eventually seek to consolidate his lawsuit with Sampson's. (Dkt. No. 33 at 6.) Such a result, given the close relationship between the parties and claims, would produce the exact opposite of a "just, speedy and inexpensive" resolution of this class action lawsuit.

In its response, Knight argues that Sampson's amended complaint should be characterized as a request to join parties under Federal Rule of Civil Procedure 20 ("Rule 20"), and that Sampson has not met the standard for permissively joining Raymond, Refrigerated and Port Services. (Dkt. No. 33 at 6.) The Court disagrees with Knight's position for two reasons.

First, the Rule 15 amendment standard is not, as Knight implies, subordinated to the permissive joinder requirements of Rule 20. In granting leave to amend, courts can allow for the joinder of parties. *See e.g.*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466, (2000) (discussing the requirements for adding an adverse party as part of an amended pleading under Rule 15(a)); *Union Pac. R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir.1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.") Therefore, Sampson's motion to amend is properly analyzed under the Rule 15 standard as discussed above.

Second, even if the Court applied the Rule 20 standard, it would be proper to join Raymond, Refrigerated, and Port Services to Sampson's class action lawsuit. Rule 20(a)(2) allows a plaintiff to join defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 20(a)(1) allows plaintiffs to join in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The Ninth Circuit has stated that Rule 20 "permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg. Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1972).

Here, the joinder of Raymond, Refrigerated, and Port Services meet both prongs of the Rule 20 test. The same transaction or occurrence prong "requires factual similarity in the allegations supporting [p]laintiffs' claims." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). Sampson and Raymond assert the exact same claims against Knight, Refrigerated and Port Services for alleged improper wage and hour practices conducted by all three entities. (Dkt. No. 30 at 11.) They allege, among other things, that all three defendants have made improper payroll deductions and failed to track the hours of their Washington-based drivers. (*Id.*) All three defendants use the same payroll department and payroll processing system. (*Id.* at 26–27.) Given this factual overlap, both plaintiff's claims arise out of the same transaction or occurrence.

Similarly, Sampson and Raymond's claims raise common questions of fact or law. To resolve their claims, both Sampson and Raymond would have to establish that Knight, Refrigerated, and Port Services were using unlawful pay practices and failing to follow several Washington employment regulations. (Dkt. No. 30 at 9.) Since the plaintiff's claims are identical, they necessarily turn on the same questions of law that would determine the defendant's liability. (*Id.* at 11–14.)

For these reasons, Sampson's motion to amend is appropriate whether tested under the Rule 15 standard or the Rule 20 standard. Therefore, Sampson's motion to amend is GRANTED.

**C.  Relation Back**

Sampson asks that Raymond's claims against Refrigerated and Port Services relate back
ORDER
PAGE - 6

to the date the initial class action lawsuit was filed. Pertinent to Sampson's claim, Rule 15(c)(1)(C), allows an amendment to a pleading to relate back to the date of the original pleading when:

> the amendment changes the party or the naming of the party against whom a claim is asserted . . . [and] the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concern the proper party's identity.

F. R. Civ. P. 15(c)(1)(C). The Supreme Court has held that, "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

The pertinent question to determine whether Raymond's claim relates back is whether Refrigerated and Port Services were on notice that Sampson had filed her class action complaint, and knew or should have known that Raymond could have brought his claims against them as part of Sampson's lawsuit. The Court answers the question in the affirmative.

Sampson filed her class action complaint on October 14, 2016, on behalf of "[a]ll current and former driver employees of Knight Transportation, Inc. who at any time from July 1, 2013 through the date of final disposition, worked as drivers for the company while residing in the State of Washington." (Dkt. No. 5.) Sampson alleges, among other things, that Knight failed to pay its drivers minimum wage, failed to pay for rest periods, made unlawful payroll deductions, and did not keep accurate time logs for the hours worked by its drivers. (*Id.* at 11.)

Quast—who is the Chief Operations Officer of Knight as well as Refrigerated and Port Services—was aware of Sampson's class action complaint at the time it was filed. (*See* Dkt. No. 3.) (Quast's declaration in support of removal.) Quast knew that Refrigerated and Port Services employed truck drivers who resided in Washington. (Dkt. No. 30 at 21.) Quast knew that Knight shared a corporate structure with Refrigerated and Port Services, and that all three entities used the same payroll system. (*Id.* at 25–26.) In other words, when Sampson filed her complaint, the

Chief Operations Officer for Refrigerated and Port Services knew or should have known that some of its employees could have been part of the class represented by Sampson. Given Quast's awareness of Sampson's lawsuit, the Court does not see how Refrigerated or Port Services would be prejudiced by having to now defend against the identical claims brought by Raymond.

Accordingly, the Court finds that Raymond's claims relate back to the date that Sampson's complaint was initially filed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend her class action complaint (Dkt. No. 22) is GRANTED. Plaintiff shall file her amended class action complaint within 14 days of this order.

DATED this 19th day of September, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE