THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON and DAVID RAYMOND, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., *et al.*,<br><br>Defendants. | CASE NO. C17-0028-JCC<br><br>ORDER |

This matter comes before the Court on the parties' joint motion regarding designation of party to submit the opening brief on the question certified to the Washington Supreme Court (Dkt. No. 100). Defendants previously moved for partial summary judgment, asking the Court to dismiss, among other things, Plaintiff's on duty, not driving claim. (Dkt. No. 71 at 22.) Plaintiffs responded by asking the Court to certify a question to the Washington State Supreme Court to determine whether their on duty, not driving claim was cognizable under Washington law. (Dkt. No. 80 at 9.) The Court certified the following question: "Does the Washington Minimum Wage Act require non-agricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work?" (Dkt. No. 92 at 17.)

The parties now ask the Court to designate which party will file the opening brief on the

certified question. (Dkt. No. 100 at 1.) Plaintiffs assert that they should file the opening brief because they asked for certification and bear the ultimate burden of proving the on duty, not driving claim. (*Id*. at 4.) Defendants counter that they should file the opening brief because the Court denied their motion for partial summary judgment by certifying the question to the Washington Supreme Court. (*Id*. at 6.)

When a district court certifies a question to the Washington Supreme Court, "[t]he federal court shall designate who will file the first brief." Wash. R. App. P. 16.16(e)(1). In this case, Plaintiffs should file the opening brief because the certified question deals with whether they are able to pursue their on duty, not driving claim—a claim for which, if determined to be cognizable, they will have the burden of proof. It is also appropriate for Plaintiffs to file the opening brief because the Court has previously ruled that Plaintiffs' on duty, not driving claim is not cognizable under Washington law. *See Mendis v. Schneider Nat'l Carriers Inc.*, Case No. C15-0144-JCC, Dkt. No. 92 (W.D. Wash. Nov. 10, 2016).

The Court disagrees with Defendants' position that they are effectively appealing a denial of their motion for summary judgment. (Dkt. No. 100 at 6.) The Court did not deny Defendant's motion for summary judgment with regard to Plaintiffs' on duty, not driving claim. (*See* Dkt. No. 92 at 17.) Rather, it reserved ruling on that issue by certifying a question to the Washington Supreme Court. (*Id*.)

Accordingly, Plaintiffs shall file its opening brief with the Washington Supreme Court in accordance with the Washington Rules of Appellate Procedure.

DATED this 31st day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C17-0028-JCC
PAGE - 2