THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON and DAVID RAYMON, on their own behalf and on the behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT REFRIGERATED, LLC, an Arizona limited liability company and KNIGHT PORT SERVICES, LLC, an Arizona limited liability company,<br><br>Defendant. | CASE NO. 17-0028-JCC<br><br>ORDER |

This matter comes before the Court on the Washington State Department of Labor and Industries' ("L&I") motion for leave to file an *amicus curiae* brief (Dkt. No. 110). Having thoroughly considered the motion, the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

The Court set forth the underlying facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 37.) In response to Defendants' motion for partial summary judgment, Plaintiffs asked the Court to certify a question to the Washington State Supreme Court

to determine whether their "on duty, not driving" claim was cognizable under Washington law. (Dkt. No. 80 at 9.) The Court certified the following question: "Does the Washington Minimum Wage Act [("MWA")] require non-agricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work?" (Dkt. No. 92 at 17.) The Washington Supreme Court answered "no," holding that "WAC 296-126-021 implements the MWA and allows employers to use workweek averaging to measure compliance with the MWA for nonagricultural workers paid on a piecework basis." *Sampson v. Knight Transportation, Inc.*, 448 P.3d 9, 17 (Wash. 2019); (Dkt. No. 108 at 2). Plaintiffs' motion for class certification is pending before the Court for consideration, and the parties have supplied supplemental briefing addressing the Washington Supreme Court's answer to the certified question. (*See* Dkt. Nos. 108, 109.) L&I now moves for leave to file an *amicus* brief concerning the impacts on Washington law of a recent Federal Motor Carrier Safety Administration ("FMCSA") decision regarding a California labor law. (Dkt. No. 110 at 1–2.)

## II.     DISCUSSION

District courts have "broad discretion" regarding the appointment of *amici*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). District courts frequently welcome *amicus* briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved." *Skokomish Indian Tribe v. Goldmark*, Case No. C13-5071-JLR, Dkt. No. 91 at 1 (W.D. Wash. 2013) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). The Ninth Circuit has said "there is no rule that *amici* must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted); *See Hoptowit*, 682 F.2d at 1260 (affirming district court's appointment of *amicus curiae*, although *amicus* entirely supported only one party's arguments).

L&I has submitted a motion for leave to file an *amicus* brief to provide Washington's interpretation of the labor laws at issue in this case. L&I asserts that leave to file an *amicus* brief is appropriate "based on the interest and unique perspective that L&I can provide in these

circumstances." (Dkt. No. 110 at 3.) L&I is the Washington State agency that enforces laws respecting working conditions and wages of employees of business and industry in the state. (*See id.*); Wash. Rev. Code § 43.22.270(4). These regulations encompass Washington's rest break rules, which are central to this case. (Dkt. No. 110 at 3.) In its proposed *amicus* brief, L&I opines that the FMCSA decision preempts California's meal-and-rest break laws as applied to certain drivers, but it does not apply to Washington law under the standards set forth in 49 U.S.C. § 31141. (Dkt. No. 110-1 at 1–3.) That statute gives the Secretary of Transportation power to preempt a particular state regulation "after applying statutory standards to that regulation." (*Id.* at 8.)

Plaintiffs support L&I's motion for leave to file an *amicus* brief in the event "the Court finds it necessary to analyze the merits" of Plaintiffs' claim for class certification. (Dkt. No. 113 at 1.) Defendants argue that the FMCSA preemption determination regarding California law should be applicable to similar laws in Washington State. (Dkt. No. 112 at 8–9). Defendants argue that L&I's *amicus* brief "adds nothing," attempts to "opine on the preemptive effect of a federal statute it does not administer," and is duplicative of arguments made by Plaintiffs. (*Id.* at 7.) Defendants contend that L&I's arguments are meritless because the Washington laws at issue are "substantially similar to California's and are thus preempted" for the same reason. (*Id.* at 7.) Defendants state that L&I's *amicus* brief does not convey the arguments of an impacted individual but rather "reiterates the same exact arguments made by Plaintiffs." (*Id.* at 8.) Defendants also assert that L&I's brief addresses only the preemptive force of the FMCSA determination and does not provide "particular expertise and insight" on applicable Washington labor laws. (Dkt. No. 110-1 at 8.)

A determination regarding FMCSA's effect on Washington labor law is likely to impact parties outside the immediate litigation as these laws apply to all applicable Washington business and industry, not just these parties. L&I's informed position on the effects of the FMCSA determination on Washington's labor laws and regulations may prove helpful to the Court.

Therefore, the motion for leave to file an amicus brief is GRANTED.

**III.    CONCLUSION**

For the foregoing reasons, the motion for leave to file an *amicus curiae* brief (Dkt. No. 110) is GRANTED. The Clerk is directed to RENOTE the motion for class certification (Dkt. No. 52) for May 4, 2020.

DATED this 4th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE