The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALERIE SAMPSON and DAVID RAYMOND, on their own behalf and on the behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT REFRIGERATED, LLC, an Arizona limited liability company and KNIGHT PORT SERVICES, LLC, an Arizona limited liability company,<br><br>Defendants. | NO. 2:17-cv-00028-JCC<br><br>AMICUS BRIEF OF WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES<br><br>NOTED FOR CONSIDERATION: April 17, 2020 |

## I.   INTRODUCTION

Rest breaks are a critical protection from the fatigue many employees face while performing the monotonous work often necessary in a modern economy. Studies confirm that reducing such fatigue can significantly reduce workplace injury and protect the public from accidents. The Federal Motor Carrier Safety Administration (FMCSA) issued a determination of preemption under 49 U.S.C. § 31141 on December 21, 2018 preempting California's meal and rest break laws as applied to drivers of property-carrying vehicles subject to the FMCSA's

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

1

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

hours of service regulations. *California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Pet. for Determination of Preemption*, 83 Fed, Reg. 67470 (Dec. 28, 2018) (Determination). This Court should not apply this determination to Washington drivers for three reasons. First, the agency's opinion about the California law is not final, as it has been appealed. *See Int'l Bhd. of Teamsters v. FMCSA*, No. 18-73488 et al. Second, the FMCSA's determination about California does not bind Washington courts as this determination is only about California's law. 49 U.S.C. § 31141 only gives authority to the FMCSA to decide that a particular state regulation should not be followed after applying statutory standards to that regulation and that's what FMCSA did here. No preemption exists because the terms of 49 U.S.C. § 31141 have not been followed about Washington's law. Third, the Secretary of Transportation did not have statutory authority to issue the Determination so it should not be applied to Washington.

The Washington State Department of Labor & Industries files this amicus brief to assist in resolving issues around preemption by the Federal Motor Carrier Safety Administration's 2018 California rest break determination.

## II.    FACTS

**A.    Federal and State Regulations About Rest Breaks Are Designed to Promote Safety by Reducing Fatigue**

Washington requires its employers to provide a 10-minute break to employees for every four hours worked. Wash. Admin. Code § 296-126-092(4). These breaks occur no later than the end of the third working hour. *Id*. This rule was adopted because "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health." Wash. Rev. Code. § 49.12.010; *see* Rev. Code Wash. §

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

2

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

49.12.091 (directing rules about conditions and hours of labor). Washington courts have recognized that rest break laws further "safety, health, and welfare." *Wingert v. Yellow Freight Sys., Inc.*, 50 P.3d 256, 259-60 (2002). The rest break laws are for a recuperative purpose. *Demetrio v. Sakuma Bros. Farms, Inc.*, 355 P.3d 258, 263 (2015).

Washington's rest break rule applies to most industries, with only a handful of employments excepted. *See* Wash. Admin. Code. § 296-126-001. Commercial motor vehicle drivers are not exempted from the rule's requirements. Wash. Rev. Code § 49.12.005(4); Wash. Admin. Code. § 296-126-001; *see generally Wingert*, 50 P.3d 841.[1]

Federal regulation provides a driver may only drive 11 hours during a 14-hour period. 49 C.F.R. § 395.3(a)(3)(i). The Hours of Service regulations echo the safety goals of Washington's laws. In 2011, the FMCSA adopted amended HOS regulations that prohibit driving beyond eight consecutive hours, requiring a 30-minute off-duty or sleeper berth period upon reaching this eight-hour limit. *Hours of Service of Drivers*, 76 Fed. Reg. 81134 (Dec. 27, 2011); 49 C.F.R. § 395.3(a)(3)(ii).

It is beyond doubt that Washington's meal and rest period requirements promote driver and public safety. The FMCSA has long recognized this connection, explaining that its goal in

---

[1] A trucking employer may seek a variance to allow for alternative scheduling of breaks. Wash. Admin. Code § 296-126-130; *see Hill v. Garda CL Nw., Inc.*, 394 P.3d 390, 401-02 (Wash. Ct. App. 2017), *rev'd on other grounds*, 424 P.3d 207 (2018) (reversing on damages only), *cert. denied*, 139 S. Ct. 2667 (2019). Employers may receive a variance from meal and rest break rules if the employer can show "good cause." Wash. Rev. Code § 49.12.105. "'Good cause' means, but is not limited to, those situations where the employer can justify the variance and can prove that the variance does not have a harmful effect on the health, safety, and welfare of the employees involved." Wash. Admin. Code § 296-126-130(4). The department will also grant a variance when it promotes the "health, safety, and welfare of the employees involved." Wash. Admin. Code § 296-126-130(4).

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

3

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7740

promulgating the HOS regulations was to "reduce excessively long work hours that increase both the risk of fatigue-related crashes and long-term health problems for drivers." 76 Fed. Reg. at 81134. The FMCSA has noted that "13% of commercial motor vehicle (CMV) drivers were considered to have been fatigued at time of their crash." *See* FMCSA, *CMV Driving Tips - Driver Fatigue*.[2] And the agency urges commercial drivers to "take a nap when feeling drowsy or less alert," recommending that "[n]aps should last for a minimum of 10 minutes." *Id.* Numerous studies support the FMCSA's view. A 1990 National Transportation Safety Board study of heavy truck accidents, in which 182 drivers died, concluded that fatigue played a role in 31% of these deaths. *See* NTSB Safety Recommendation H-95-005 Synopsis.[3] And in 1993, a similar study showed that driver fatigue caused 30% to 40% of 3,783 driving deaths. *Id.*

The United States Department of Transportation listed the need to "reduce fatigue-related accidents" on its "2019-2020 NTSB Most Wanted List."[4] DOT has explained: "Fatigue can be just as deadly in transportation as alcohol and drug impairment, and fatigued drivers and operators regularly cause accidents."[5] "Fatigue degrades a person's ability to stay awake, alert, and attentive to the demands of controlling their vehicle safely."[6] And DOT noted that "[d]rivers may not recognize the effects of fatigue until it is too late. The traveling public can

---

[2] FMCSA, CMV Driving Tips – Driver Fatigue, https://www.fmcsa.dot.gov/safety/driver-safety/cmv-driving-tips-driver-fatigue .

[3] NTSB, Safety Recommendation H-95-005, https://www.ntsb.gov/investigations/data/_layouts/ntsb.recsearch/Recommendation.aspx?Rec=H-95-005.

[4] NTSB, 2019-2020 Most Wanted List of Transportation Safety Improvements, https://www.ntsb.gov/safety/mwl/Pages/default.aspx.

[5] NTSB, Reduce Fatigue-Related Accidents, https://www.ntsb.gov/safety/mwl/Pages/mwl1-2017-18.aspx.

[6] NTSB, 2017-2018 Most Wanted List of Transportation Safety Improvements – Reduce Fatigue-Related Accidents, https://www.ntsb.gov/safety/mwl/Documents/2017-18/2017MWL-FctSht-Fatigue-H.pdf.

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

4

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7740

unknowingly and unwillingly be placed at risk because a fatigued operator cannot safely execute his or her duty." *Id.*

Other academic studies provide further evidence of the safety benefits of Washington's break rules. The authors of two studies published in the Journal of Safety Research concluded that commercial truck drivers' safety performance can deteriorate easily due to fatigue caused by long driving hours and irregular work schedules; that increasing the number of rest breaks or their duration helps to reduce crash risk; and statistically, that taking one, two or three rest breaks during a shift can reduce the likelihood of a crash by 68%, 83%, and 85%, respectively. Chen Chen and Yuanchang Xie, *The Impacts of Multiple Rest Break Periods on Commercial Truck Drivers' Crash Risk*, 48 J. Safety Research 87 (Feb. 2014); Chen Chen and Yuanchang Xie, *Modeling the Safety Impacts of Driving Hours and Rest Breaks on Truck Drivers Considering the Dependent Covariates*, 51 J. Safety Research 57 (Dec. 2014).) A study by the National Institute of Occupational Safety and Health found that 35% of long-haul truck drivers reported at least one crash in the course of their work as commercial drivers. Guang X. Chen, *et al.*, *NIOSH National Survey of Long-Haul Truck Drivers: Injury and Safety*, 85 Accident Analysis & Prevention 66 (Dec. 2015).

**B.     Knight Transportation Argues for Application of a California Decision**

The FMCSA issued a determination of preemption under 49 U.S.C. § 31141 on December 21, 2018 preempting California's meal and rest break laws as applied to drivers of property-carrying vehicles subject to the FMCSA's hours of service regulations. *California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Pet. for Determination of Preemption*, 83 Fed, Reg. 67470 (Dec. 28, 2018) (Determination). The Determination has been

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

5

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

appealed. *Int'l Bhd.. of Teamsters v. Federal Motor Carrier Safety Administration*, Nos. 18-73488, 19-70323, 19-70329, 19-70413 (9th Cir. 2019). Knight relies on the Determination to argue against class certification. Def's Suppl. Br. On Plf's Mot. for Class Cert., Dkt. 108 at 2. 4-5.

### III.   ARGUMENT

The Supreme Court has "long presumed that Congress does not cavalierly preempt state-law causes of action." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996). The States possess broad authority under their police powers to regulate the employment relationship. *De Canas v. Bica*, 424 U.S. 351, 356 (1976); *Pac. Merch. Shipping v. Aubry*, 918 F.2d 1409, 1415-16 (9th Cir. 1990). Federal law does not preempt the police powers of the States unless it was the clear and manifest purpose of Congress. *Hillsborough Cty., Florida v. Automated Med. Lab., Inc.*, 471 U.S. 707, 715 (1985). And Congress has directed the Secretary of Transportation to minimize the "unnecessary preemption" of state law regarding commercial motor vehicle safety when rulemaking. 49 U.S.C. § 31136(c)(2)(B).

**A.   The FMCSA's Non-Final Decision Regarding California Law Does Not Expressly Preempt Washington's Rest Break Laws**

This case presents a question about whether a non-final agency determination about a California law expressly preempts Washington's rest break law. Knight Br., Dkt. 108 at 2. 4-5. Determination. It does not.

The Secretary's determination about California does not bind Washington courts. As an initial matter, the agency's opinion about the California law is not final, as it has been appealed. *See Int'l Bhd. of Teamsters v. FMCSA*, No. 18-73488 et al. But more importantly,

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

6

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7740

this determination is only about California's law. 49 U.S.C. § 31141 gives authority to the Secretary to decide that a particular state regulation should not be followed after applying statutory standards to that regulation. The Secretary only decided with respect to California, applying these standards to California law. Determination. 49 U.S.C. § 31141 only authorizes the Secretary to enter decisions on individual state laws, with no authority to make a blanket decision on all similar laws. No preemption exists because the terms of 49 U.S.C. § 31141 have not been followed about Washington's law.

And the Determination is not retroactive. *Skau v. JBS Carriers, Inc.*, No. 2:18-CV-00681-RAJ, 2019 WL 4597516, at *2 (W.D. Wash. Sept. 23, 2019). In *Skau*, the district court declined to apply the California Determination to Washington's rest break rule because the California rule would not apply retroactively. *Id.*

**B.     The FMCSA Determination Was in Error and Should Not Apply in Washington**

The FMCSA Secretary's decision was in error because the Secretary may enter opinions only about "a State law or regulation *on commercial motor vehicle safety*." 49 U.S.C. § 31141(a). But neither California's laws nor Washington's laws are "on" commercial motor vehicle safety—instead they are laws of general applicability, governing rest breaks across multiple industries. Rev. Code. Wash. § 49.12.091; Wash. Admin. Code § 296-126-001. Because the plain meaning of the statute limits the Secretary's preemption authority to laws directed specifically at commercial motor vehicle safety, the Secretary had no power to declare California's meal and rest break laws unenforceable, and it should not apply to Washington.

Congress granted limited power to the Secretary of Transportation to invalidate state laws and that authority extends only to state laws made with respect to commercial vehicle

AMICUS BRIEF --  
NO. 2:17-cv-00028-JCC

7

ATTORNEY GENERAL OF WASHINGTON  
LABOR & INDUSTRIES DIVISION  
800 Fifth Avenue, Suite 2000  
Seattle, WA  98104-3188  
(206) 464-7740

safety. To determine that 49 U.S.C. § 31141(a) applies to statutes of general applicability would expand the Secretary's power far beyond Congress's intention. Many laws may "affect" commercial vehicle safety. For example, the surface of a road could affect commercial vehicle safety. But no one could reasonably argue that Washington's laws for constructing road construction projects are subject to invalidation by the Secretary.[7]

Indeed, in 2008, the FMCSA recognized its limited authority, correctly concluding it could not issue an opinion to invalidate California's meal and rest break laws. The FMCSA properly determined that "the petition does not satisfy the threshold requirement for preemption under 49 U.S.C. 31141(c) because the provisions at issue"—the same provision Knight points to now—"are not 'laws and regulations on commercial vehicle safety,' but rather laws and regulations applied generally to California employers." *Petition for Preemption of California Regulations on Meal Breaks and Rest Breaks for Commercial Motor Vehicle Drivers; Rejection for Failure to Meet Threshold Requirement*, 73 Fed. Reg. 79204 (Dec. 24, 2008). The FMCSA noted that California's meal and rest period requirements are not unique to the trucking industry. *Id.* at 79205. As rules of general application, they "are in no sense regulations 'on commercial motor vehicle safety,'" and so, the FMCSA concluded, "they are not subject to preemption under 49 U.S.C. 31141." *Id.* at 79206.

The courts have concurred with the FMCSA that such laws are not preempted. *See Yoder v. Western Express, Inc.*, 181 F. Supp. 3d 704, 716-17, 717 (C.D. Cal. 2015); *Villalpando v. Exel Direct, Inc.*, No. 12-cv-04137-JCS, 2015 WL 5179486, at *35-36 (N.D.

---

[7] Even if there were ambiguity in 49 U.S.C. § 31141(a), the interpretation that promotes the states' traditional interest in safety should be adopted. "When the text of a pre-emption clause is susceptible of more than one plausible reading, courts ordinarily 'accept the reading that disfavors pre-emption.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008) (quoting *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005)).

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

8

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7740

Cal. 2015); *Mendez v. R+L Carriers, Inc.*, No. C 11-2478 CW, 2012 WL 5868973, at *7-8 (N.D. Cal. Nov. 19, 2012); *Cole v. CRST Van Expedited, Inc.,* No. EDCV 08-1750-VAP, 2010 WL 11463494, at *7-8 (E.D. Cal. Aug. 5, 2010).

For decades, the FMCSA has adhered to the opinion that state laws that are not "on" commercial motor vehicle safety are not subject to section 31141, but has inexplicably changed course. There is no reason to follow an interlocutory agency determination based on faulty reasoning. Indeed, courts discount an agency's flip-flop in its positions if such a change is arbitrary, as it is here. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983).

## IV.   CONCLUSION

The Washington State Department of Labor & Industries offers this amicus brief to assist in resolution of the issues in this case.

DATED this 2nd day of April, 2020.

ROBERT W. FERGUSON
Attorney General

*/s/ Anastasia Sandstrom*
ANASTASIA SANDSTROM, WSBA No. 24163
Senior Counsel
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Tel: 206-464-7740
Fax: 206-587-4290
Email: Anastasia.Sandstrom@atg.wa.gov

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

9

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7740

DECLARATION OF SERVICE

I hereby declare that on this 7th day of May, 2020, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. A copy of the foregoing document was sent for service to all other parties as follows:

Via the Court CM/ECF system to:

Attorneys for Plaintiffs:
Erika Nusser: enusser@terrellmarshall.com
Greg Wolk: greg@rekhiwolk.com
Hardeep Rekhi: hardeep@rekhiwolk.com
Toby Marshall: tmarshall@terrellmarshall.com

Attorneys for Defendants:
Jeffrey DeGroot: jeffrey.degroot@dlapiper.com
John Ellis: jellis@sheppardmullin.com
Karin Vogel: kvogel@sheppardmullin.com
Paul Cowie: pcowie@sheppardmullin.com
Anthony Todaro: anthony.todaro@dlapiper.com

DATED this 7th day of May 2020, at Seattle, Washington.

/s/ Shana Pacarro-Muller
Shana Pacarro-Muller
Legal Assistant to Anastasia Sandstrom
Office of the Attorney General
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Tel: (206) 464-7740
Fax: (206) 587-4290
Email: Shana.PacarroMuller@atg.wa.gov

AMICUS BRIEF --
NO. 2:17-cv-00028-JCC

10

ATTORNEY GENERAL OF WASHINGTON
LABOR & INDUSTRIES DIVISION
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7740