THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON and DAVID RAYMOND, on their own behalf and on the behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT REFRIGERATED, LLC, an Arizona limited liability company, and KNIGHT PORT SERVICES, LLC, an Arizona limited liability company,<br><br>Defendants. | CASE NO. C17-0028-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to certify class (Dkt. No. 52). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.      BACKGROUND**

Plaintiffs bring this putative class action against their former employers for allegedly violating several Washington wage and hour laws. (Dkt. No. 38 at 7–11.) Defendants deliver goods throughout the United States via local and long-haul trucking routes. (Dkt. No. 53-4 at 2.) Since July 1, 2013, the start of the proposed class period, Defendants have employed more than

500 drivers in Washington across its divisions and paid Washington-specific taxes for their Washington drivers. (Dkt. No. 53 at 2.) Defendants' six divisions use the same payroll department, use the same piece-rate compensation structure for drivers, and are overseen by the same C-suite. (*Id.* at 15–18.) The proposed class members are Washington residents who work as drivers for three of Defendants' six divisions: Dry Van, Refrigerated, and Port Services. (Dkt. No. 53-7 at 4–5.) The only differences between the three divisions are the types of trucks and trailers used, the logo on the trucks, and the logo on employees' paychecks. (*Id.* at 39.) Defendants use uniform wage-and-hour policies for all drivers in these divisions. (Dkt. No. 53-18 at 5.) All drivers employed by Defendants are trained on Defendants' policies and practices at an orientation called the "Driver Qualification Program." (Dkt. No. 53-7 at 23–24.) The orientation is the same across all of Defendants' divisions except for some division-specific information, such as names of managers and equipment details. (*Id.*)

Plaintiffs move to certify the following class: "All current and former driver employees of Knight Transportation, Inc., Knight Refrigerated, LLC and/or Knight Port Services, LLC who at any time from July 1, 2013 through the date of final disposition, worked as drivers while residing in the state of Washington." (Dkt. No. 52 at 9.) Plaintiffs move for certification of their class on five claims: that (1) Defendants failed to pay class members for rest breaks for part of the class period; (2) Defendants failed to pay class members minimum wage for attending orientation programing; (3) Defendants failed to provide class members reasonably equivalent overtime pay; (4) Defendants unlawfully deducted class members' pay pursuant to their per diem program; and (5) Defendants have failed to compensate class members for most or all of their non-driving work. (*Id.* at 14, 15, 17, 19, and 21.)

## II. DISCUSSION

### A. Legal Standard for Class Certification

A party seeking to litigate a claim as a class representative must affirmatively satisfy the requirements of the Federal Rule of Civil Procedure 23(a) and the requirements of at least one of

the categories under the Federal Rule of Civil Procedure 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011); *see Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). In determining whether the party has carried its burden, the court must conduct a "rigorous analysis." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). A district court must not decide the merits of a factual or legal dispute before it grants class certification. *See Eisen v. Carlisle & Jacquelin*, 417 U.S 156, 177–78 (1974); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 808–09 (9th Cir. 2010). But a district court "*must* consider the merits [of class members' substantive claims] if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The ultimate decision to certify a class is within the court's discretion. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

**B. Rule 23(a) Requirements**

One or more members of a class may sue as a representative plaintiff only if (1) the class is so numerous that joinder is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of representative parties are typical of those of the class, and (4) the representatives will fairly and adequately protect the interests of the absent class members. Fed. R. Civ. P. 23(a); *Mazza*, 666 F.3d at 688 ("Rule 23(a) requires that plaintiffs demonstrate numerosity, commonality, typicality, and adequacy of representation in order to maintain a class action.").

1. Numerosity

Rule 23(a)'s first requirement is satisfied when the proposed class is sufficiently numerous to make joinder of all members impracticable. Fed. R. Civ. P. 23(a)(1). A numerosity determination requires an examination of the specific facts of each case, though "[i]n general, courts find the numerosity requirement satisfied when a class includes at least 40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010).

Here, Plaintiffs allege that the class consists of "more than 500 drivers in Washington," who are both current and former employees of Defendants, are licensed by the Washington Department of Transportation, and reside throughout the state. (Dkt. No. 52 at 9, 11–12.) Defendants do not challenge Plaintiffs' assertion or argue that Plaintiffs have failed to establish numerosity. (*See generally* Dkt. No. 77.) Therefore, the Court finds that Plaintiffs have satisfied the numerosity requirement of Rule 23(a)(1). *See Rannis*, 380 F.App'x at 651.

2. Commonality

Under Rule 23(a)(2)'s commonality requirement, the plaintiffs must demonstrate that the "class members' claims 'depend upon a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke.'" *Mazza*, 666 F.3d at 588 (quoting *Dukes*, 564 U.S. at 350). The key inquiry is not whether the plaintiffs have raised common questions, but whether "class treatment will 'generate common *answers* apt to drive the resolution of the litigation.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 350). Every question of law or fact need not be common to the class. *Id.* Rather, all Rule 23(a)(2) requires is "a single *significant* question of law or fact." *Id.* Ultimately, the existence of "shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

a. Rest Break Claim

Plaintiffs' rest break claim satisfies Rule 23(a)(2)'s commonality requirement. Defendants admit that their employees were not compensated for rest breaks until November 2016. (Dkt. No. 53 at 4.) Washington law is clear that breaks must be paid separately from the piece-rate because otherwise the rest break would not be "on the employer's time," and there would be an economic incentive to skip breaks. *Demetrio v. Sakuma Bros. Farms*, 355 P.3d 258, 263–64 (Wash. 2015) (holding that employers must pay employees "a wage separate from the piece-rate for time spent on rest breaks); *see also* Wash. Admin. Code § 296-131-020(2).

1  Defendants contend that Plaintiffs' rest break claim cannot be certified because of the
2 Federal Motor Carrier Safety Administration's ("FMCSA") determination that similar California
3 rest break laws are preempted by federal law. (Dkt. No. 108 at 5.) Defendants argue that
4 Washington's rest break law is likewise preempted, and thus Plaintiffs have no legal basis for
5 their rest break claim. (*Id.*) And the Washington State Department of Labor and Industries filed
6 an *amicus curiae* brief addressing the applicability of the FMCSA's determination. (Dkt. No. 110
7 at 1.) It would be premature to reach the merits of whether the FMCSA's determination affects
8 the rest break claim. But whether the preemption determination affects the rest break claim or not
9 is a question common to all class members. Therefore, Plaintiffs' rest break claim satisfies the
10 commonality requirement of Rule 23(a)(2).

*b.  Orientation Claim*

Plaintiffs allege that Defendants failed to pay class members minimum wage for time spent in Defendants' orientation program. (Dkt. No. 52 at 15.) The orientation program is required for all employees who work for Defendants. (Dkt. No. 53-7 at 23–24.) The orientation program's subject matter has remained consistent throughout the class period. (*Id.* at 24–25.) Most employees are paid $150 for participating in the orientation. (*Id.* at 26–27.) Some employees receive a transition payment of $350 if they were recruited from other trucking companies. (*Id.*) The orientation can take between two and three days. (*Id.* at 27.)

Defendants make two arguments as to why Plaintiffs have not satisfied the commonality requirement. First, Defendants argue that orientation time is not compensable time under Washington law. (Dkt. No. 108 at 5.) In *Seattle Professional Engineering Employees Ass'n v. Boeing Co.*, 991 P.2d 1126 (Wash. 2000), the Washington Supreme Court held that the Minimum Wage Act ("MWA") "requires that employers pay the *minimum wage* for straight time." *Id.* at 1132. Defendants appear to reason that an employer could pay its employees $1 for required orientation time, so long as the employees' pay averages out to minimum wage when combined with the driving hours. (Dkt. No. 108 at 5.) But because whether time spent at

1  orientation qualifies as adequately compensated "straight time" is a question common to the
2  class, Defendants' argument does not undermine commonality.

3        Second, Defendants point to the differences between class members' orientations. (Dkt.
4  No. 77 at 17.) Specifically, some orientations were shortened for class members who had
5  previously worked for another entity and for class members who were already familiar with
6  some of Defendants' equipment. (Dkt. No. 78-2 at 7.) But to satisfy commonality, Plaintiffs do
7  not have to show that each orientation program is exactly identical, but rather that the answer to
8  the larger question of whether orientation time must be compensated at minimum wage is
9  common to the class. Thus, the class members still share a common claim that Defendants failed
10 to pay minimum wage for time spent in orientation, and that claim can be resolved by one
11 determination from the Court. *See Dukes*, 564 U.S. at 350. Therefore, the Court finds that the
12 commonality requirement of Rule 23(a)(2) is satisfied as to Plaintiffs' orientation claims.

13                                                 *c. Overtime Pay Claim*

14       Plaintiffs allege that Defendants failed to provide class members who worked in excess
15 of 40 hours a week with a reasonable equivalent to overtime pay. (Dkt. No. 52 at 17.) Rather
16 than address the commonality standard as to this claim, Defendants attack the merits by citing
17 *Helde v. Knight Transportation, Inc.*, 982 F.Supp.2d 1189 (2013). But Plaintiffs have shown that
18 Defendants' uniform compensation system applies to all class members, and Plaintiffs claim that
19 this compensation system does not account for all hours worked as required under Wash. Rev.
20 Code § 49.46.130(f) and Wash. Admin. Code § 296-128-012. (*See* Dkt. No. 53-30 at 2–4.) Thus,
21 Plaintiffs' claim presents the common issue of whether Defendants' overtime system adequately
22 compensates employees for overtime work. Therefore, the Court finds that the commonality
23 requirement of Rule 23(a)(2) is satisfied.

24                                                 *d. Per Diem Pay Claim*

25       Plaintiffs claim that Defendants unlawfully deducted $0.02 per mile from class members'
26 paychecks in violation of Washington state law. (Dkt. No. 52 at 19–20.) Plaintiffs' per diem

claim requires the determination of a question common to the whole class. Defendants assert that "[b]efore the question of whether the per diem plan constituted a deduction is reached," the Court must determine whether class members agreed to a deduction when they agreed to the per diem payment plan or whether they agreed to a lower hourly wage. (Dkt. No. 77 at 15.) However, this issue does not affect Plaintiffs' claim that Defendants' deductions to "help[] cover the company from losing tax money" violate Washington law. (Dkt. Nos. 53-38 at 77, 77 at 15.) Therefore, Plaintiffs' per diem claim satisfies the commonality requirement of Rule 23(a)(2).

### e. *On Duty, Not Driving Claim*

Plaintiffs allege that Defendants failed to properly compensate class members under the MWA for most, if not all, of their non-driving work. (Dkt. No. 52 at 21.) Defendants contend that the Washington Supreme Court's answer to the Court's certified question makes clear that Plaintiff's on duty, not driving claim is not viable.[1] (Dkt. No. 77 at 11.) But evaluating the effect of the Washington Supreme Court's answer is premature at this stage because it goes to the merits of Plaintiffs' claim. *See United Steel*, 593 F.3d at 808–09. Plaintiffs' on duty, not driving claim applies to the whole class, which they have adequately shown. (Dkt. No. 53-20 at 21). Therefore, the Court finds that Plaintiffs have satisfied the commonality as to this claim.

### 3. Typicality

Plaintiffs must next show that their claims are typical of the class. *See* Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether

---

[1] When the Court considered Defendant's motion for summary judgment, the Court certified a question for review to the Washington Supreme Court for interpretation of the MWA. (Dkt. No. 92.) The Washington Supreme Court held that the MWA does not require "nonagricultural employers to pay their piece-rate employees per hour" for non-piece-rate work. (Dkt. No. 108 at 2.) In its response to the certified question, the Washington Supreme Court concluded that "compliance with the MWA's minimum wage requirements may be demonstrated by workweek averaging." *Certification from United States District Court for Western District of Washington in Sampson v. Knight Transportation, Inc.*, 448 P.3d 9, 15–16 (Wash. 2019).

ORDER
C17-0028-JCC
PAGE - 7

1 | other class members have been injured by the same course of conduct.'" *Ellis*, 657 F.3d at 984
2 | (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The commonality
3 | and typicality inquiries "tend to merge" and both serve as "guideposts for determining whether
4 | under the particular circumstances maintenance of a class action is economical and whether the
5 | named plaintiff's claim and the class claims are so interrelated that the interests of the class
6 | members will be fairly and adequately protected in their absence." *Dukes*, 564 U.S. at 349 n.5.
7 | Ultimately, representative class claims are typical if they are "reasonably co-extensive with those
8 | of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.
9 | Defendants argue that Plaintiffs' claims are not typical of the class because different state
10 | laws apply to the named Plaintiffs' claims and to those of the class. (Dkt. No. 77 at 8.)
11 | Defendants allege that the choice-of-law questions "raise[] individualized inquiries regarding the
12 | named plaintiffs' experiences." (*Id.* at 10.) However, the Court has already determined that
13 | Washington law applies to the claims of Plaintiffs and the proposed class, and thus choice-of-law
14 | concerns do not undermine typicality. (*See* Dkt. No. 92 at 13.) And Plaintiffs' claims for rest
15 | break pay, orientation pay, overtime pay, per diem program deductions, and "on duty, not
16 | driving" pay are based on Defendants' uniform employment policies that have been applied to all
17 | putative class members. *See supra* Section II.B.2. Plaintiffs allege these policies systematically
18 | violated Washington wage-and-hour laws. Therefore, the Court finds that the Plaintiffs have
19 | satisfied the typicality requirement of Rule 23(a)(3) for class certification of their claims. *See*
20 | *Dukes*, 564 U.S. at 355.

21         4.  Adequacy of Representation

22 | To determine whether the representative plaintiffs will adequately represent a class, the
23 | court must examine whether the named plaintiffs and their counsel (1) have any conflicts of
24 | interest with other class members and (2) will prosecute the action vigorously on behalf of the
25 | class. *Ellis*, 657 F.3d at 985.
26 | Plaintiffs assert that they suffered the same injuries as other members of the putative

class. (Dkt. No. 52 at 27.) As previously noted, Plaintiffs' claims for rest break pay, orientation pay, overtime pay, per diem program deductions, and "on duty, not driving" pay are uniform across the class members, and thus the Plaintiffs adequately represent the injuries of the putative class. The record demonstrates no conflicts of interest between Plaintiffs and the class. (*Id.* at 27.) And Plaintiffs' attorneys will adequately represent the class. They have significant experience in complex litigation and employment law and experience serving as class counsel. (*Id.* at 28.) Therefore, Plaintiffs and their counsel satisfy the adequacy requirement of Rule 23(a)(4).

### C. Rule 23(b) Requirements

In addition to meeting the Rule 23(a) requirements, a proposed class action must also be maintainable under Rule 23(b)(1), (b)(2), or (b)(3). *Dukes*, 564 U.S. at 345. A class action may be maintained under Rule 23(b)(3) when "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997) (explaining that Rule 23(b)(3) requires a two-part analysis of "predominance" and "superiority"). Ultimately, certification under Rule 23(b)(3) is appropriate "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1023.

#### 1. Predominance

The predominance inquiry under Rule 23(b)(3) "tests whether [the] proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. This inquiry presumes the existence of common factual or legal issues required under Rules 23(a)'s commonality element and focuses "on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022; *see Comcast Corp. v. Behrand*, 569 U.S. 27, 34 (2013) ("Rule 23(b)(3)'s predominance criterion is even more demanding that Rule 23(a)."). "[A] common

question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016) (quoting *Tyson Foods v. Bouaphakeo*, 136 S. Ct. 1035, 1045 (2016)). Thus, the analysis of whether a common question of law or fact predominates "begins . . . with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation omitted).

Plaintiffs have established that their claims can be resolved by using the same evidence of labor and wage violations and therefore have satisfied the heightened burden under the predominance requirement for their claims. Each claim can be answered for every class member through a single adjudication. *See supra* Section II.B. The claims alleged do not require the Court to consider factors unique to each class member but rather Defendants' company-wide policies and practices, such as whether the company orientation must be compensated at minimum wage and whether the per diem deduction was lawful. (*Id.*) These policies are applied to all class members, and each class member would be entitled to the same, easily discernable remedy if Plaintiffs prevail: money damages calculated from Defendants' existing records. Defendants appear to rely on their arguments against commonality here, which remain unavailing. (*See* Dkt. No. 77 at 9–24.) Therefore, Plaintiffs satisfy the predominance standard of Rule 23(b)(3) as to their claims.

      2. <u>Superiority</u>

The court must find that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). When undertaking this inquiry, the court considers (1) the interests of individuals within the class in controlling their own litigation, (2) the extent and nature of any pending litigation commenced by or against the

class involving the same issues, (3) the convenience and desirability of concentrating the litigation in a particular forum, and (4) the manageability of the class action. *See* Fed. R. Civ. P. 23(b)(3)(A)–(D); *Zinzer v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190–92 (9th Cir. 2001). Consideration of these factors must "focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinzer*, 253 F.3d at 1190.

In this case, a class action is superior to other available forms of adjudication for Plaintiffs' claims. The claims do not depend on class members' individual circumstances, so an answer for one would be an answer for all. *See supra* Section II.B. Given the nature of the claims and that Washington law applies to them all, addressing the claims on a class-wide basis is more efficient than requiring individual members to litigate individually. There is no indication that the proposed class action would be unmanageable. Therefore, the Plaintiffs have satisfied Rule 23(b)(3)'s superiority requirement.

**D. Appointment of Class Counsel**

"Unless a statute provides otherwise, a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). In appointing class counsel, the court considers the work counsel has done to identify and investigate potential claims; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

Plaintiffs' counsel has experience in handling class actions involving the types of claims asserted in this case and has extensive knowledge of the applicable law. (Dkt. No. 52 at 27.) Plaintiffs' counsel has also committed to expend the resources necessary to represent the class. (*Id.*) For the foregoing reasons, Plaintiffs' counsel in this case are hereby APPOINTED as class counsel.

ORDER
C17-0028-JCC
PAGE - 11

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification (Dkt. No. 52) is GRANTED pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Court CERTIFIES the following class: "All current and former driver employees of Knight Transportation, Inc., Knight Refrigerated, LLC, and/or Knight Port Services, LLC who at any time from July 1, 2013, through the date of final disposition, worked as drivers while residing in the state of Washington." The Court further ORDERS as follows:

1. Plaintiffs Valerie Sampson and David Raymond are DESIGNATED as class representatives;
2. Terrell Marshall Law Group PLLC and Rekhi & Wolk, P.S. are APPOINTED as class counsel pursuant to Rule 23(g);
3. Within 14 days from the date of this order, class counsel shall meet and confer with Defendants concerning notice to the class pursuant to Federal Rule of Civil Procedure 23(c)(2). The parties shall submit a proposed notice and notice plan within 30 days of this order, or, if no agreement is reached regarding the notice and notice plan, Plaintiffs shall submit a proposed notice and notice plan by that date;
4. Defendants shall have 10 days from service of the proposed notice to serve and file any objections to the same; and
5. Class counsel shall have five days from service of any objection to serve and file a reply to the same.

DATED this 8th day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE