THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON and DAVID RAYMOND, on their own behalf and on the behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT REFRIGERATED, LLC, an Arizona limited liability company, and KNIGHT PORT SERVICES, LLC, an Arizona limited liability company,<br><br>Defendants. | CASE NO. C17-0028-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to limit the scope of the class and to compel discovery (Dkt. No. 122) and the parties' motions to strike (Dkt. Nos. 131, 132). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Plaintiffs' motion to limit the scope of the class and to compel discovery and DENIES the motions to strike for the reasons explained herein.

## I.     BACKGROUND

Plaintiff Valerie Sampson worked as a truck driver for Defendant Knight Transportation,

Inc. ("Knight") in 2015 and 2016. (Dkt. Nos. 5 at 2, 38 at 3.) In October 2016, Ms. Sampson filed a putative class action lawsuit against Knight, alleging violations of state wage and hour laws on behalf of "[a]ll current and former driver employees of Knight Transportation, Inc. who at any time from July 1, 2013 through the date of final disposition, worked as drivers for the company while residing in the State of Washington." (Dkt. No. 5 at 3.) At the outset of discovery, Ms. Sampson requested classwide hours and payroll data from Knight. (Dkt. Nos. 123 at 2, 123-1 at 3.) Specifically, Plaintiff made the following request for production ("RFP"):

> **REQUEST FOR PRODUCTION NO. 21:** Produce the following DOCUMENTS <u>in their original state and condition</u> for Plaintiff and all proposed class members for the Relevant Time Period:
>
> a. Daily mileage or hour logs or records;
> b. Weekly time or mileage sheets;
> c. Productivity or earnings statements;
> d. Payroll checks or pay stubs; and
> e. Work or dispatch schedules

(Dkt. No. 123-1 at 3.) In May and June of 2017, Knight produced the requested hours and payroll data through 2016 for the class. (Dkt. No. 123 at 2.)

In August 2017, Ms. Sampson learned during discovery that Knight maintains subsidiaries through which it employs similarly situated truck drivers. (Dkt. No. 37 at 4.) The Court granted Ms. Sampson's motion to add David Raymond as a class representative and to add subsidiaries Knight Refrigerated, LLC and Knight Port Services, LLC as defendants. (*See generally id.*) Plaintiffs directed the same request for production of classwide hours and payroll data to the newly added defendants. (*See* Dkt. Nos. 123-2 at 3–4 (RFP No. 23 to Defendant Knight Refrigerated, LLC), 123-3 at 3 (RFP No. 23 to Knight Port Services, LLC).) According to Plaintiffs' counsel, the subsidiary defendants did not produce the requested data at that time because the parties "were focusing their efforts on class certification, summary judgment, and resolving the Court's certified question to the Washington Supreme Court." (Dkt. No. 123 at 2.)

In June 2020, the Court certified a class of "[a]ll current and former driver employees of

Knight Transportation, Inc., Knight Refrigerated, LLC, and/or Knight Port Services, LLC who at any time from July 1, 2013, *through the date of final disposition*, worked as drivers while residing in the state of Washington." (Dkt. No. 117 at 12 (emphasis added).) In July 2020, the Court approved the parties' joint plan for providing notice to class members. (Dkt. No. 119 at 2.) Pursuant to that plan, Defendants provided a class list to a third-party administrator, who mailed notice directly to each class member. (Dkt. No. 118 at 3.) Plaintiffs paid the costs of hiring the administrator and distributing notice. (*Id.*) Notices were distributed on September 4, 2020, and the deadline for potential class members to opt out was November 3, 2020. (Dkt. No. 134 at 3.)

In January 2021, Plaintiffs' counsel asked Defendants to supplement, among other things, Defendants' productions of payroll spreadsheets and driver logs in response to RFP Number 21 to Knight Transportation, Inc., RFP Number 23 to Knight Port Services, LLC, and RFP Number 23 to Knight Refrigerated, LLC, in anticipation of the expert report deadline, which, at that time, was set for April 2021. (Dkt. No. 123-4 at 2–5.) The parties met and conferred via several phone calls and e-mails. Defendants expressed their view that the open-ended class period (running through the date of final disposition) was unmanageable and unfair and objected to producing data for individuals who had not received the class notice sent in September 2020. (Dkt. Nos. 127 at 2, 123 at 3.) In response, Plaintiffs proposed that the parties agree to (1) a modification of the class period so that it would close on the date of the discovery cutoff, (2) two productions of class data by Defendants (one to occur as soon as possible and a second to occur no later than ten days after the close of discovery), and (3) distribution of notice after the close of discovery to class members who were not yet part of the class when the first notice was distributed. (Dkt. Nos. 123 at 3, 123-5 at 2, 127 at 2.) Defendants rejected Plaintiffs' proposal, arguing that another notice, especially after the close of discovery, would not be appropriate. (Dkt. Nos. 123 at 4, 127 at 2.) Defendants have not supplemented their discovery.

Plaintiffs now bring their proposal to the Court and move to limit the class period to the date of the discovery cutoff and to compel Defendants to produce the requested class data. (Dkt.

No. 122.)

## II. DISCUSSION

### A. Plaintiffs' Motion to Limit the Scope of the Class

1. <u>Legal Standard</u>

Federal Rule of Civil Procedure 23(c)(1)(C) permits a court to alter or amend an order granting class certification at any point prior to the entry of final judgment. Therefore, the district court retains flexibility and is free to modify a class definition in light of developments during the course of litigation. *See, e.g.*, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010). In doing so, the Court considers the same factors it did when certifying the class under Federal Rule of Civil Procedure 23(b)(3). *See Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 479 (C.D. Cal. 2008), *aff'd*, 639 F.3d 942 (9th Cir. 2011).

2. <u>Analysis</u>

Plaintiffs apparently believe the existing class period is appropriate, but, in the interests of compromise, they ask the Court to modify the class definition so that the class period closes on the date of the discovery cutoff, which is September 24, 2021. (Dkt. Nos. 122 at 2, 13.) Plaintiffs contend that this end date will include as many drivers as possible in the class while providing sufficient time for an additional notice and opt-out period for newly added class members before the parties file dispositive motions on December 17, 2021. (Dkt. No. 129 at 5.) Defendants counter that the class period should close on June 8, 2020, the date of the class certification order, because sending out an additional class notice is not appropriate. (Dkt. No. 126 at 7–10.) They argue that if the Court is inclined to allow an additional notice, Plaintiffs' proposal is unworkable and the Court should close the class as of the date of this order and

continue all case management deadlines by several months. (*Id.* at 10–12.)[1]

As an initial matter, the Court concludes that the class definition should be modified to provide an end date for the class. While Plaintiffs take the position that a class period running through the date of final disposition is appropriate, they cite no authority so holding. Nor is the Court aware of any. In fact, numerous courts have concluded that a class extending through the date of the final disposition is unmanageable given Rule 23(b)(3)'s notice and opt-out requirements. *See, e.g.*, *Melgar v. CSk Auto, Inc.*, 2015 WL 9303977, slip op. at 7 (N.D. Cal. 2015), *aff'd*, 681 F. App'x 605 (9th Cir. 2017); *Rodriguez v. It's Just Lunch Int'l*, 2018 WL 3733944, slip op. at 6–7 (S.D.N.Y. 2018). This Court agrees.

Rule 23 requires a court to direct to class members the best notice that is practicable under the circumstances so that they can affirmatively opt out of the lawsuit if they do not want to be class members. Fed. R. Civ. P. 23(c)(2)(B). According to the Ninth Circuit:

> The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well *before* the merits of the case are adjudicated. [Citations omitted.]
>
> As the Third Circuit has noted, the history of the development of Rule 23(c)(2) makes clear that the rule was adopted to prevent "one-way intervention"—that is, the intervention of a plaintiff in a class action after an adjudication favoring the class had taken place. Such intervention is termed "one way" because the plaintiff would not otherwise be bound by an adjudication in favor of the defendant. [*Katz v. Carte Blanche Corp.,* 496 F.2d 747, 759 (3d Cir. 1974).] In the words of the Third Circuit:
>
>> Many commentators objected that one-way intervention had the effect of giving collateral estoppel effect to the judgment of liability in a case where the estoppel was not mutual. This was thought to be unfair to the defendant. To meet the point that one-way intervention was unfair to the defendant, the Advisory Committee on Federal

---

[1] Defendants do not argue that the class period Plaintiffs propose would defeat any of the requirements of Rule 23(a) or Rule 23(b)(3). For example, they do not argue that their policies and practices have changed since the first notice was distributed such that claims by newly hired truck drivers would not share common questions of law or fact with earlier class members. Instead, Defendants object to Plaintiffs' proposed class period based on concerns about manageability and fairness. (*See generally* Dkt. No. 126.)

> Rules concluded that class members should be brought in *prior* to the determination of defendant's liability, thus making the estoppel mutual. To make joinder at an early stage practically achievable, the "opting out" mechanism was devised.

*Id.* (emphasis added and internal citations omitted). *Schwarzschild v. Tse*, 69 F.3d 293, 295–96 (9th Cir. 1995). Rule 23 therefore counsels against a court ruling on motions that reach the merits of a final decision before the class has been certified and potential class members have had an opportunity to opt out. *See Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020–21 (N.D. Cal. 2015).[2]

A class period should, therefore, close sufficiently early to afford potential class members an opportunity to consider the class notice and decide whether to opt out prior to the filing of dispositive motions. At the same time, all parties are prejudiced if the class period is closed significantly earlier than necessary to accommodate the practicalities of providing notice. If the class period is closed too early, plaintiffs are "unable to fully vindicate the full scope of the alleged damages suffered by on-going unlawful behavior" and defendants are unable to insulate themselves from future class action suits brought by those excluded from the certified class. *Trollinger v. Tyson Foods, Inc.*, 2007 WL 4260817, slip op. at 3 (E.D. Tenn. 2007). As a result, judicial economy may be compromised. *Id.*

In light of these considerations, courts have modified class periods running through the date of final disposition to end on the date of the order certifying the class, *see e.g.*, *Cruz v. Dollar Tree Stores, Inc.*, 2009 WL 1974404, slip op. at 2 (N.D. Cal. 2009), *modified in part*, 270 F.R.D. 499 (N.D. Cal. 2010); the date the complaint was filed, *see, e.g.*, *Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281, 285–86 (W.D. Mich. 2001); the date of the close of fact discovery, *see, e.g.*, *Hart v. Rick's NY Cabaret Int'l, Inc.*, 2013 WL 11272536, slip op. at 5–6 (S.D.N.Y. 2013); and the date of the order settling the scope of the class period, *see, e.g.*, *Mazzei v. Money*

---

[2] A defendant may waive the protection of the rule against one-way intervention if it prefers to win dismissal or summary judgment as to the individual plaintiffs without binding the class that might have been certified. *See Schwarzschild*, 69 F.3d at 295.

*Store*, 829 F.3d 260, 265 (2d Cir. 2016); *Trollinger*, 2007 WL 4260817, slip op. at 3.

The Court finds the final approach best balances the competing considerations in this case and will modify the class period to end as of the date of this order. This end date avoids one-way intervention as there is ample time for a second notice and opt-out period prior to the dispositive motion deadline of December 17, 2021. It also addresses Defendants' concern that coinciding the end of the class period with the close of discovery, as Plaintiffs propose, would deprive Defendants of an opportunity to conduct discovery about newly added class members. (*See* Dkt. No. 126 at 4, 11.) At the same time, it avoids unnecessarily limiting the scope of the class and losing some of the benefits of a class action by cutting off class membership at the date of the class certification order as Defendants propose.

Defendants essentially argue that it is unfair to allow a second notice and opt-out period when the parties' prior stipulated notice plan only contemplated *one* notice and Plaintiffs did not raise the need for an additional future notice at that time. (*See* Dkt. No. 126 at 3–4, 7–10.) But Defendants did not object to the scope of the class period at the class certification or notice plan stage, (*see* Dkt. Nos. 77, 108, 118), and were on notice about the potential need for another round of notice given how the class period was defined at that time, (*see* Dkt. No. 117 at 12). Rule 23 is sufficiently flexible to allow a second notice where, as here, the class was originally defined to include future members who would become part of the class following the first notice and opt-out period. Further, defendants do not point to any prejudice they would suffer from a second notice, and the Court perceives none, as it is Plaintiffs who generally bear the cost of hiring a third party notice administrator and Defendants' obligation would likely be limited to providing an updated class list. Finally, the Court does not anticipate that a second notice and opt-out period will necessitate significant continuances of the case management deadlines as Defendants claim.

Accordingly, the Court GRANTS in part Plaintiffs' motion to limit the scope of the class in part and DENIES the motion in part. The Court modifies the class definition to close the class

period on the date of this order. The parties must meet and confer and file a joint proposed notice plan and a joint proposal for modification of case management deadlines, should any modification be warranted.

**B. Motion to Compel**

1. Legal Standard

In a civil action, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). After first attempting to resolve a discovery dispute informally, a party may move the Court for an order compelling another party's discovery responses. Fed. R. Civ. P. 37(a)(3)(B). The motion must include a certification that the movant has, in good faith, conferred with the party failing to disclose discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1); W.D. Wash. Local Civ. R. 37(a)(1). The purpose of the meet-and-confer requirement is "to lessen the burden on the Court and reduce the unnecessary expenditure of resources by litigants," *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993), by ensuring that "only genuine disagreements are brought before the Court," *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, slip op. at 1 (W.D. Wash. 2014)). "A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley*, 2014 WL 1268709, slip op. at 1. The Court has broad authority and discretion to manage the discovery process. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211–212 (9th Cir. 2002).

2. Analysis

Plaintiffs move to compel Defendants to produce classwide hours and payroll data in response to RFP Number 21 to Knight Transportation, Inc., RFP Number 23 to Knight Port Services, LLC, and RFP Number 23 to Knight Refrigerated, LLC. (*See generally* Dkt. No. 122.) Plaintiffs argue the data is needed to calculate each individual class member's damages. (*Id.* at 6.) Defendants argue that Plaintiffs' motion is improper because Plaintiffs did not satisfy the

Rule 37 meet and confer requirement. (Dkt. No. 126 at 6–7.) According to Defendants, the parties were "cooperatively engaged in ongoing discussions to understand the scope of discovery that would be appropriate" when Plaintiffs filed this motion prematurely. (*Id.* at 6.)

The record shows that during a phone call on February 8, 2021, counsel for Defendants indicated their view that the class period should not extend beyond the date of the first notice and that a supplemental production would *not* include data for individuals who had not received class notice, whereas Plaintiffs' counsel expected to receive data for new class members. (Dkt. Nos. 127 at 2, 123 at 3.) On March 1, 2021, Plaintiffs' counsel proposed by e-mail that the class period close on the date of the discovery cutoff and that Defendants provide two productions of data—one as soon as possible for current class members and one after the close of discovery. (*Id.*) On March 9, 2021, the parties' counsel again spoke by phone and defense counsel indicated that Plaintiffs' proposal would not be acceptable and that the issue should be presented to the Court to decide whether a second class notice would be appropriate. (Dkt. Nos. 127 at 2, 123 at 4.) Plaintiffs' counsel said she would confer with her colleagues, and on March 25, 2021, she informed defense counsel by e-mail at 5:01 p.m. that Plaintiffs would move to limit the class and compel production of the class data. (Dkt. No. 127 at 2–3.) Plaintiffs filed the motion that evening. (*Id.* at 3.) Defendants argue that the timing of Plaintiffs' counsel's motion evidences a failure to meet and confer. (Dkt. No. 126 at 7.) The Court disagrees and finds sufficient evidence that Plaintiffs made a good faith effort to resolve the parties' discovery dispute, but after the phone call on March 9, 2021, it was evident the parties' positions about the proper scope of discovery were ultimately at odds.[3]

Defendants' argument that cooperative negotiations were ongoing is belied by defense counsel's declaration acknowledging that counsel for the parties had, after conferring by phone multiple times, reached an impasse about the proper scope of the class (and therefore the proper

---

[3]Because the Court finds Plaintiffs satisfied the meet and confer requirement, the Court DENIES Defendants' request for sanctions under Local Civil Rule 11(c).

ORDER
C17-0028-JCC
PAGE - 9

scope of discovery), necessitating Court intervention. (Dkt. No. 127 at 2 (defense counsel stating in her declaration that "I indicated that [Plaintiffs'] proposal for a second class notice to go out after discovery has closed is not acceptable and that the issue should be presented to the Court to decide whether a second class notice is appropriate").)

Defendants' only objection to providing supplemental responses to Plaintiffs' RFPs Number 21 and 23 was based on their belief that the scope of the class should be limited to those class members who had already received notice and that they should not be obligated to produce data for later-hired truck drivers. Defendants do not contend that the requested data is not otherwise properly discoverable. (*See generally* Dkt. No. 126.) In light of the Court's ruling above settling the scope of the class, the Court concludes that Defendants must produce responsive records for the class as defined in this order. Accordingly, Plaintiffs' motion to compel is GRANTED.

When the Court rules on a motion to compel discovery, it must award costs and attorney fees to the prevailing party unless the losing party's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)–(B). "Substantial justification" exists if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Given the parties' reasonable dispute about the scope of the class, the Court finds that nondisclosure was substantially justified and declines to award Plaintiffs attorney fees.[4]

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion to limit the scope of the class and GRANTS their motion to compel discovery (Dkt. No.

---

[4] Defendants filed a surreply in which they ask the Court to strike paragraphs of Plaintiffs' counsel's declaration in support of Plaintiffs' reply brief. (*See generally* Dkt. No. 131.) Plaintiffs then filed a motion to strike Defendants' surreply. (*See generally* Dkt. No. 132.) Because the Court did not rely on the challenged portions of the declaration or surreply in reaching its decision, the Court DENIES the requests to strike as moot.

122), DENIES the parties' motions to strike (Dkt. Nos. 131, 132), and ORDERS as follows:

1. The AMENDED class definition is as follows: All current and former driver employees of Knight Transportation, Inc., Knight Refrigerated, LLC, and/or Knight Port Services, LLC who at any time from July 1, 2013, through June 3, 2021, worked as drivers while residing in the state of Washington.

2. The parties are DIRECTED to, within 14 days, meet and confer in good faith and file a stipulated notice plan and stipulated amendments, if any are necessary, to the case management schedule. If the parties cannot reach an agreement after making their best efforts to do so, then Plaintiffs must file their proposal within 14 days and Defendants may file their competing proposal within 3 days after Plaintiffs' filing.

3. Defendants must produce the documents sought in RFP Nos. 21 and 23 within 21 days of the date of this order.

DATED this 3rd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE