THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON and DAVID RAYMOND, on their own behalf and on the behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC., KNIGHT REFRIGERATED, LLC, and KNIGHT PORT SERVICES, LLC,<br><br>Defendants. | CASE NO. C17-0028-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Knight Transportation, Inc. ("Knight"), Knight Refrigerated, LLC ("Knight Refrig."), and Knight Port Services, LLC's ("KPS") motion to compel further discovery responses (Dkt. No. 144). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  BACKGROUND

The Court summarized the underlying facts of this class action in its prior orders and will not repeat them here. (*See, e.g.*, Dkt. Nos. 117, 136.) Defendants' motion follows an unsuccessful meet and confer where the parties were unable to come to terms regarding the adequacy of Plaintiffs' responses to certain interrogatories, requests for admission ("RFA"), and

ORDER
C17-0028-JCC
PAGE - 1

requests for production ("RFP"). (Dkt. No. 144 at 5–10; *see* Dkt. Nos. 144-1 at 2, 156 at 2.)

## II.   DISCUSSION

### A.   Legal Standard

In a civil action, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). After first attempting to resolve a discovery dispute informally, a party may move the Court for an order compelling another party's discovery responses. Fed. R. Civ. P. 37(a)(3)(B). The Court has broad authority and discretion to manage this process. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002).

### B.   Discovery Subject to Defendants' Motion

Before addressing disputed issues, the Court notes that, after Defendants filed their motion to compel, Plaintiffs supplemented some of their responses to Defendants' discovery requests. (*See* Dkt. No. 156-5.) As a result, Defendants withdrew a portion of their motion. (*See* Dkt. No. 157 at 7 (withdrawing the motion to compel supplemental responses to KPS's Raymond[1] Interrogatory No. 11 and Knight's Sampson[2] Interrogatory No. 23).) Therefore, the court need not address this portion of Defendants' motion. Nor will it address the portion mooted by Plaintiffs' supplemental response to KPS's Sampson RFA No. 10. (*See* Dkt. Nos. 144 at 5, 144-1 at 261–62, 156-5 at 33–34.) Remaining items are discussed below.

#### 1.   Knight's Sampson RFA No. 14 and KPS's Raymond RFA No. 8

Defendants seek supplemental responses[3] to their RFAs regarding whether their deductions from Plaintiffs' wages were "unlawful." (Dkt. No. 144 at 5–6 (citing Dkt. No. 144-1

---

[1] References in this order to "Raymond" are to discovery propounded to Plaintiff David Raymond.

[2] References in this order to "Sampson" are to discovery propounded to Plaintiff Valerie Sampson.

[3] In the alternative, Defendants ask the Court to order that the requests be deemed admitted in accordance with Federal Rule of Civil Procedure 36(a)(6). (Dkt. No. 144 at 6.)

at 233, 291).) Plaintiffs objected to the request on the basis that Defendants sought "an admission on the ultimate legal conclusion," which is not the proper subject of an RFA. (Dkt. No. 155 at 6 (citing *U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009)).) The Court agrees with Plaintiffs' objection.

"[T]he distinction between a request seeking application of law to facts and a request impermissibly seeking a pure conclusion of law is not always easy to apply." *Boston v. ClubCorp USA, Inc.*, 2019 WL 1873293, slip op. at 4 (C.D. Cal. 2019); *see* Fed. R. Civ. P. 36(a)(1)(A). But here, the distinction appears clear. At its core, Defendants are asking for the admission of a legal conclusion that drives the outcome of this case—whether a deduction was lawful. This is beyond the scope of a permissible RFA, whose purpose "is to narrow the range of issues for trial," *In re Liu*, 282 B.R. 904, 911 (Bankr. C.D. Cal. 2002), not foreclose a trial.

    2. <u>KPS's Raymond Interrogatory No. 10 and Sampson Interrogatory No. 22 / Knight Refrig.'s Sampson Interrogatory No. 1 and Raymond Interrogatory No. 15</u>

Defendants next ask for supplemental responses to interrogatories seeking "information about Plaintiffs' responses to [RFAs] that were not an unqualified admission." (Dkt. No. 144 at 7–8 (citing Dkt. No. 144-1 at 13, 68, 304, 317).) Defendants assert that many of Plaintiffs' initial responses to the interrogatories were "deficient because they either fail[ed] to provide a response altogether, or fail[ed] to respond completely to the interrogatories" and, therefore, did not satisfy Rule 36(a)(4). (*Id.* at 7 (citing Fed. R. Civ. P. 36(a)(4).) After reviewing each of the RFAs at issue, which are discussed below, the Court concludes that no further supplementation is required to satisfy the interrogatories.

    a. *KPS's Sampson & Raymond RFA No. 1: Named Plaintiffs' Payment for Rest Periods (Dkt. No. 144-1 at 239, 273)*

After denying the admission, Plaintiffs responded to the interrogatory, indicating that they were not employed by Defendants on or after the date specified in the RFA. (Dkt. No. 144-1 at 49, 127.) Defendants take issue with this statement because it "fail[s] to state persons who

have knowledge or any documents supporting the responses." (Dkt. No. 144 at 7.) While this may be true, it does not make this a deficiency worthy of the Court's attention. As Plaintiffs point out, this information must be contained in Defendants' own records, and Defendants do not deny Plaintiffs' contention that its records contain this information. (Dkt. No. 155 at 7); *see* Fed. R. Civ. P. 26(b)(1) (limiting discoverable based on "relative access to relevant information"). Instead, they rely on an overly formalistic interpretation of Rule 36(a)(4), for purposes unknown to the Court.

      b. *KPS's Sampson RFA No. 2: Class Members' Payment for Rest Periods (Dkt. No. 144-1 at 273)*

Ms. Sampson objected to the admission, indicating that she did not possess this information for absent class members. (Dkt. No. 144-1 at 127.) This is sufficient to satisfy Rule 36(a)(4). Nothing more is needed.

      c. *KPS's Sampson RFAs Nos. 19 & 20: Defendants' Willfulness (Dkt. No. 144-1 at 280, 281)*

Ms. Sampson objected to these admissions on the basis that they seek legal conclusions. (Dkt. No. 144-1 at 130.) The Court agrees. No additional information need be provided.

      d. *KPS's Sampson RFA No. 6 & Raymond No. 4: Rate of Pay Received Equal to Minimum Wage Rate (Dkt. No. 144-1 at 239, 275)*

After initially objecting on the basis that the RFA seeks a legal conclusion, Mr. Raymond indicated that he did not have access to all his pay records and could not respond accordingly. (Dkt. No. 144-1 at 49.) Similarly, Ms. Sampson indicated that Defendants had not produced all pay records requisite for her to respond. (*Id.* at 127.) This is sufficient to satisfy Rule 36(a)(4). Nothing else is needed.

      e. *KPS's Sampson RFA Nos. 7, 10, 11, 17: Various Class Allegations (Dkt. No. 144-1 at 275–77, 279–80)*

Ms. Sampson lodged a variety of objections, including that she lacked individualized information on absent class members. (Dkt. No. 144-1 at 127–29.) Again, this is sufficient.

Nothing more is needed.

    f. *KPS's Sampson RFA Nos. 14–16 & Raymond RFA Nos. 3, 8, 9: Various Legal Conclusions re: Rate of Pay (Dkt. No. 144-1 at 239–41, 278–79)*

As Plaintiffs indicated in their objections, these RFAs seek legal conclusions and are improper. (Dkt. No. 144-1 at 49–50, 128–29.) Therefore, nothing more is needed from Plaintiffs.

   3. <u>Knight Refrig.'s Raymond RFP No. 37 and Knight's Sampson RFP No. 37</u>

Finally, Defendants ask for supplemental responses to RFPs supporting the contention that "Defendants failed to keep true and accurate time records for all hours worked . . . and failed to furnish proper payroll documents." (Dkt. No. 144 at 9 (citing Dkt. No. 144-1 at 376, 459–60).) As it did at the outset, Plaintiffs argue the Court should deny Defendants' motion on this, and each of the disputed issues discussed above, based on an inadequate meet and confer. (*See* Dkt. No. 155 at 4–5 (citing W.D. Wash. Local Civil Rule 37(a)(1), Fed R. Civ P. 37(a)(1)).) While the Court finds the meet and confer adequate for those earlier disputed issues, it finds the meet and confer inadequate for this particular issue.

The purpose of a meet and confer is "to lessen the burden on the Court and reduce the unnecessary expenditure of resources by litigants," *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993), by ensuring that "only genuine disagreements are brought before the Court," *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, slip op. at 1 (W.D. Wash. 2014). Nothing in the record suggests that the parties engaged in any discussion on this particular issue, either directly or indirectly. (*See* Dkt. Nos. 144-1 at 2–4, 156 at 2, 156-1, 156-2, 156-3, 156-4, 158 at 2–3). Defendants' assertion that such a discussion was unnecessary, (*see* Dkt. No. 157 at 6), is both unavailing and not supported by the record.

  C. **Attorney Fees**

When the Court rules on a motion to compel discovery, it must award costs and attorney fees to the prevailing party unless the losing party's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)–(B). "Substantial justification" exists if there is a "genuine dispute" or "if reasonable people could differ as to the

appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Given the parties' reasonable dispute on at least some the discovery items described above, the Court declines to award Plaintiffs attorney fees.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion (Dkt. No. 144).

DATED this 28th day of January 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE