THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE SAMPSON, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>KNIGHT TRANSPORTATION, INC., *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C17-0028-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for summary judgment and Plaintiffs' cross motion for partial summary judgment. (Dkt. Nos. 146, 153.) Having thoroughly considered the parties' briefing, the relevant record, and having taken oral argument under advisement, the Court hereby GRANTS in part Defendants' motion and DENIES Plaintiffs' motion for the reasons explained below.

I.  **BACKGROUND**

　　　1.  The Parties to the Case

Plaintiffs are Washington residents who worked as commercial truck drivers for Defendants. (*See* Dkt. Nos. 53-12, 53-13.) Defendant Knight Transportation, Inc. ("Transportation") is a commercial trucking company operating terminals across the United States. (Dkt. No. 75 at 2.) This includes a terminal in Fairview, Oregon, where some of the Class members were based as long-haul drivers. (*Id.*; Dkt. No. 81-11 at 6.) Defendant Knight

Refrigerated, LLC ("Refrigerated") is a Transportation subsidiary and operates a terminal in Idaho Falls, Idaho, where some of the other Class members were based as long-haul drivers. (Dkt. Nos. 75 at 1–2; 81-12 at 2, 6.) Defendant Knight Port Services, LLC ("Port Services") is a Transportation subsidiary and operates a terminal in Kent, Washington, where some of the other Class members were based, working as short-haul drivers. (Dkt. Nos. 75 at 1–3; 81-12 at 6.) Transportation, Refrigerated, and Port Services (collectively "Defendants") are incorporated in Arizona and are overseen by the same core group of executives. (Dkt. No. 75 at 2.)

2. <u>Summary of the Claims</u>

Plaintiffs allege that Defendants systematically violated Washington labor laws. (*See* Dkt. Nos. 38, 52.) In July 2020, this Court certified Class for the following claims: (1) Defendants failed to pay Class members for rest breaks for part of the Class period; (2) Defendants failed to pay Class members minimum wage for attending orientation programing; (3) Defendants failed to provide Class members reasonably equivalent overtime pay; (4) Defendants unlawfully deducted Class members' pay pursuant to their per diem program; and (5) Defendants have failed to compensate Class members for most or all of their non-driving work. (*See* Dkt. No. 117.) Defendants have filed a motion for summary judgment on all of Plaintiffs' individual and Class claims for relief. (Dkt. No. 146 at 6.) Plaintiffs cross filed for partial summary judgement on issues relating to rest break pay, per diem deductions, and timekeeping. (Dkt. No. 153.)

## II. DISCUSSION

### A. Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). A fact is material if it "might affect the outcome of the suit," and a dispute of fact is

genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party has the initial burden to show the lack of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that party succeeds, the burden shifts to the nonmoving party to demonstrate there is an issue for trial. *See id.* at 323–24. If the movant fails, the nonmovant need not present any evidence, even if it has the ultimate burden at trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). On cross-motions for summary judgment, the Court evaluates each motion independently giving the nonmovant in each instance the benefit of all reasonable inferences. *Lenz. v. Universal Music Corp.*, 815 F.3d 1145, 1150 (9th Cir. 2016).

### B. Non-driving Work Claim

Plaintiffs allege that Defendants failed to pay minimum wage to Class members for their non-driving work, in violation of the Washington Minimum Wage Act ("MWA"), RCW 49.46 *et seq.* (Dkt. Nos. 38 at 8; 52 at 14–15.) Defendants move for summary judgement on this claim. (Dkt. No. 146 at 16.) There is no genuine dispute of material fact, so this issue is ripe for judgement as a matter of law.

Defendants argue that a Washington Supreme Court decision forecloses Plaintiffs' claim. (Dkt. No. 146 at 16–19.) This Court previously certified the following question for review to the Washington Supreme Court: "Does the [MWA] require non-agricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work?" (Dkt. No. 92 at 17.) The Washington Supreme Court answered the certified question "no" and held that the "MWA does not require nonagricultural employers to pay their piece-rate employees per hour for non-piece-rate-work." *Certification from U.S. Dist. Ct. for W. Dist. of Washington in Sampson v. Knight Transportation, Inc.*, 448 P.3d 9, 17 (Wash. 2019).

Plaintiffs do not dispute the Washington Supreme Court decision. Rather, they respond by asserting a separate claim—that Defendants "did not always pay class members minimum wage during the class period." (Dkt. No. 160 at 14.) Defendants rightfully point out that this
ORDER
C17-0028-JCC
PAGE - 3

broader generalized claim cannot be plausibly found in either Plaintiffs' amended complaint or Class certifications. (*See* Dkt. Nos. 38, 52, 117.) Plaintiffs try to anchor this *ad-hoc* claim to the following sentence in the amended complaint: "Defendants failed to pay minimum wage for all work performed, including work performed when not driving." (Dkt. No. 38 at 6.) However, Plaintiffs did not plead a single operative fact in the amended complaint nor the Class certification in support of this allegation or a *general* minimum wage claim. And "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plaintiffs cannot argue a new claim at the summary judgement stage. *See Klein v. Boeing Co.*, 847 F. Supp. 838, 844 (W.D. Wash. 1994) ("Klein never asserted this claim prior to his opposition to Boeing's motion for summary judgment, nor has he moved to amend his complaint to add such a claim. Thus, this claim is not properly before the court."); *King Cnty. v. Viracon, Inc.*, 2021 WL 3053211, slip op. at 3 n. 1 (W.D. Wash. 2021) ("[A] plaintiff cannot oppose summary judgment based on a new theory of liability because it would essentially blindside the defendant with a new legal issue.")

Therefore, the general minimum wage claim is not properly pled before the court. The Court will only consider whether the Defendants violated the MWA by not compensating non-driving work. And because the Washington Supreme Court already ruled on that matter, the Court GRANTS summary judgment to Defendants on this claim.

C.   **Overtime Claim**

Plaintiffs allege that Defendants failed to properly compensate Class members for overtime work, in violation of the MWA. (Dkt. Nos. 38 at 7; 52 at 17–19.) Defendants argue that Class members were subject to Washington's overtime exemption rule. (Dkt. No. 146 at 19–23.) There is no genuine dispute of material fact, so this issue is ripe for judgement as a matter of law.

An employer is exempt from the MWA's overtime requirement if (1) their employee is a truck driver subject to the Federal Motor Carrier Act, and (2) the "compensation system under which the truck driver or bus driver is paid includes overtime pay, reasonably equivalent to that

required by this subsection, for working longer than forty hours per week."[1] RCW 49.46.130(2)(f). This is known as the reasonable equivalent overtime exemption ("REOT").

Here, there is no dispute that the Class members are subject to the Federal Motor Carrier Act. *See* 49 U.S.C. §§ 3101, 10101 *et seq*. So, the only issue is whether Defendants' payment system satisfies REOT. To answer this question, the Defense expert calculated the class-wide effective hourly rate for Class members earning piece-rate pay during each year of the Class period. (Dkt. Nos. 146-1 at 4; 146-3 at 19.) The expert then calculated the effective hourly rates Class members would have earned had they worked the same hours and been paid hourly with all hours over 40 compensated at 1.5 times the hourly rate. (Dkt. No. 146-1 at 4–6.) The expert then compared those two rates while inputting a variety of base hourly rates. (*Id*.) In each scenario, Class members generally received higher effective hourly rates than they would have been paid if they were paid a standard overtime payment system. (Dkt. Nos. 146-1 at 6–7; 146-3 at 20.)

In light of this evidence, the burden shifts to the Plaintiffs to provide countervailing evidence, thereby demonstrating a genuine dispute of fact, or legal argument showing that they are entitled to judgement as a matter of law. *Celotex,* 477 U.S. at 323–24 (1986). Plaintiffs failed on both fronts. They performed no analysis of whether Class members were paid the reasonable equivalent of overtime pay. Nor did they provide evidence disputing Defendants' underlying facts. Instead, Plaintiffs argued that compliance with the overtime pay regulations cannot be measured on an annual basis; rather, it must be computed weekly. This is incorrect. Although overtime pay must be considered on a week-by-week basis when calculating a standard overtime payment structure, the class-wide effective hourly rate can be calculated by dividing yearly pay over yearly hours worked. This interpretation is consistent with the weight of authority. *See*

---

[1] For example, if the base rate for a local truck driver is $16 an hour, and an employee works 50 hours in a week, the employee would be paid $640 for the first 40 hours worked, and $240 for the ten overtime hours, totaling $880. If a plaintiff on a mileage based or piece-rate system receives the reasonable equivalent of $880 for 50 hours of work, then no overtime violation occurs.

ORDER
C17-0028-JCC
PAGE - 5

*Helde v. Knight Transp., Inc.*, 982 F. Supp. 2d 1189, 1202 (W.D. Wash. 2013); *Mendis v. Shneider Nat'l Carriers Inc.*, 2016 WL 6650992, slip op. at 7 (W.D. Wash. 2016); *Mynatt v. Gordon Trucking, Inc.*, 333 P.3d 442, 450 (Wash. Ct. App. 2014). Plaintiffs' consistent reference to overtime "damages" suggests that the Plaintiffs did not grasp the legal question at issue. (*See* Dkt. No. 160 at 12, 17.) *Whether the Class is exempt* from overtime payment is a different question than what damages they would be entitled to *assuming they are not exempt*. (Dkt. No. 167 at 9.)

Because Plaintiffs do not offer evidence to create a factual dispute regarding the validity of Defendants' calculations, nor do they demonstrate that Defendants did not satisfy REOT as a matter of law, the Court GRANTS summary judgment to Defendants on the issue of whether they are exempt from the overtime requirement.

### D. Orientation Claim

Plaintiffs assert Defendants did not properly compensate Class members for time worked during the mandatory driver orientation program. (Dkt. Nos. 38 at 8; 52 at 15–17.) Defendants argue that Class members were not employed by Defendants during the orientation program. (Dkt. No. 146 at 23–26.)

Defendants move for summary judgement on this issue. Plaintiffs argue that there is a genuine issue of material fact regarding Defendants' orientation program. (Dkt. No. 160 at 18–21.) Defendants are right to note that unsupported factual assertions do not (alone) constitute a genuine dispute of facts. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that it would be "unfair" to the district court to require it "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found"); *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988) ("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment.") Therefore, many of Plaintiffs' unsupported statements will not be considered by the court. (*Id.*)

Nonetheless, Plaintiffs do present some facts to dispute Defendants' assertion that the orientation program is non-compensable. (*See* Dkt. Nos. 160 at 19; 149-6 at 18.) Defendants urge the Court to rule in their favor despite Plaintiffs' opposing factual evidence. (Dkt. No. 167 at 14.) But at the summary judgement stage, the Court does not make credibility determinations or weigh evidence. *See Liberty Lobby,* 477 U.S. at 248–49, 255 (1986); *Bator*, 39 F.3d at 1026 (1994).

Because there is a genuine dispute of material fact regarding certain characteristics of the orientation program, the Court DENIES summary judgment on this issue; it will allow the trier of fact to resolve it.

### E.   Rest Break Claim

Plaintiffs claim that Defendants failed to properly compensate Class members during rest breaks. (Dkt. Nos. 38 at 9; 52 at 14–15.) Because the parties do not dispute any material fact, this issue is ripe for judgement as a matter of law.

Plaintiffs' rest break claim is premised on WAC 296-126-092, which the Washington Supreme Court has interpreted to require employers to pay employees earning piece-rate compensation for rest breaks separately from their piece-rate pay. *Lopez Demetrio v. Sakuma Bros. Farms*, 663, 355 P.3d 258, 265 (Wash. 2015).

Defendants argue this claim is preempted by federal law. (Dkt. No. 146 at 26–27.) They are correct. Under 49 U.S.C. § 31141(a), a "state may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced." On November 17, 2020, the Federal Motor Carrier Safety Administration (FMCSA) issued an order stating that "Washington's [meal and rest break] rules are preempted pursuant to 49 U.S.C. [§] 31141 . . . Washington may no longer enforce the [meal and rest break] rules with respect to drivers of property-carrying [commercial motor vehicles] subject to FMCSA's [hour of service rules]." Washington's Meal and Rest Break Rules for Drivers of Commercial Motor Vehicles; Petition for Determination of Preemption, 85 Fed. Reg. 73335-01

ORDER
C17-0028-JCC
PAGE - 7

(Nov. 17, 2020). Included in the FMCSA's definition of Washington's preempted rules is WAC 296-126-092. *Id*. at 73336.

Plaintiffs do not dispute that the Washington law is currently preempted. Instead, they argue that the "2020 FMCSA Opinion should only apply **prospectively**." (Dkt. No. 160 at 22) (emphasis added). This argument is unconvincing. The FMCSA itself issued an opinion letter confirming that the preemption order applies to acts occurring before it was issued, (*see* Dkt. No. 162-2), and agency opinion letters are entitled to deference. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000); *Vigil v. Leavitt*, 381 F.3d 826, 835 (9th Cir. 2004). Additionally, the weight of authority has concluded that a § 31141 preemption determination bars claims arising both before and after an order was issued. *See, e.g.*, *Ayala v. U.S. Xpress Enterprises, Inc.*, 2019 WL 1986760, slip op. at 3 (C.D. Cal. 2019); *Salter v. Quality Carriers, Inc.*, 2021 WL 5049054, slip op. at 9 (C.D. Cal. 2021); *Valiente v. Swift Transportation Co. of Arizona, LLC*, 2021 WL 1799808, at *2 (C.D. Cal. 2021); *Patton v. Midwest Constr. Servs., Inc.*, 2021 WL 2982277, at *2 (C.D. Cal. 2021).

Plaintiffs' argument relies largely on *North v. Superior Hauling & Fast Transit, Inc.*, 2019 WL 6792816, slip op. at 3 (C.D. Cal. 2019). However, this opinion is an outlier, not binding on this Court, and notably does not consider the FMCSA's 2021 opinion letter.

Therefore, the Court DENIES summary judgment to Plaintiffs on their rest break claim and GRANTS summary judgment to Defendants because Washington's "rest break" law is preempted by federal law.

### F. Deductions From Per Diem Program Claim

As part of its mileage-based compensation program, Defendants offered Class members two payment plans. (Dkt. No. 146 at 15.) Both plans compensate workers based on distance traveled. (*Id*.) The first plan includes a fully taxable mileage rate whereas the second plan includes a combination of taxable income and non-taxable per diem payments, at a slightly lower overall rate. (*Id*.)

Plaintiffs assert that Defendants unlawfully deducted 2 cents per mile from the per diem payments. (Dkt. Nos. 38 at 8–9; 52 at 19–21.) Defendants claim that the per diem pay plan and the fully taxable pay plan are two alternative pay structures that Class members can elect based on their personal tax preferences. (Dkt. Nos. 146 at 27; 146-31 at 8–9.) Both parties move for judgement as a matter of law. (Dkt. Nos. 146 at 27–29; 153 at 19–20.) On cross-motions for summary judgment, the Court evaluates each independently, giving the nonmovant the benefit of all reasonable inferences. *Lenz*, 815 F.3d at 1150 (2016).

Neither party can establish the absence of a genuine dispute of material fact. The descriptions and evidence presented by both parties when looked at in a light favorable to the non-moving party create material issues of fact regarding the structure of the payment plan. Like *Helde*, 982 F. Supp. 2d at 1198, a juror could reasonably conclude that Defendants pay their employees an "advertised pay rate unless they opt for the per diem plan, in which case it reduces the base by 2 [cents] to be pocketed by Defendants." (Dkt. Nos. 153-7; 153-22.) A juror could also reasonably conclude that the "per diem plan is a separate pay structure under which employees agree to accept 2 [cents] less than they otherwise would have received in exchange for avoiding the hassles of having to itemize hotel and meal costs on their annual tax return." *Id.*; (Dkt. No. 146-31 at 8–9.)

Because there is a genuine dispute of material fact, the Court DENIES summary judgment on this issue.

### G.  Derivative Claims

Defendants argue that Plaintiffs' claim for unpaid wages on termination is entirely derivative of their claims for violation of (1) the MWA, (2) failure to pay for rest-breaks, and (3) unlawful deductions. (Dkt. No. 146 at 29.) Following the decisions above, the Court GRANTS summary judgment with regards to the minimum wage and rest break claims and DENIES it with regards to the per diem deductions claim. Defendants also seek summary judgement on Plaintiffs claim for willful refusal to pay wages. (*Id.*) This relates to Plaintiffs' "rest breaks"

claim, therefore, judgment on this issue is DENIED as moot.

### H. Timekeeping Practices Claim

Plaintiffs argue that because Defendants have not adequately recorded, maintained, and produced pay records, the Court should apply the burden shifting standard of *Anderson v. Mt. Clemens Pottery Co.* 328 U.S. 680 (1946). (Dkt. No. 153 at 14.) However, for this to apply, the Court must first conclude that Defendants did not adequately keep records of hours worked. (*Id.*) Defendants produced evidence that they did in fact keep adequate records. (Dkt. Nos. 150 at 7, 9, 10; 149-3 at 11.) Therefore, the Court DENIES summary judgment to Plaintiffs on this issue.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgement (Dkt. No. 146) is GRANTED in part and DENIED in part, and Plaintiffs' cross motion for summary judgement (Dkt. No. 153) is DENIED. Within twenty-one (21) days of the issuance of this order, the parties shall file a joint status report proposing a new trial date and pre-trial deadlines.

DATED this 30th day of September 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE