THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

VALERIE SAMPSON and DAVID RAYMOND, on their own behalf and on the behalf of all others similarly situated,

    Plaintiffs,

v.

KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT REFRIGERATED, LLC, an Arizona limited liability company, and KNIGHT PORT SERVICES, LLC, an Arizona limited liability company,

    Defendants.

Case No. 2:17-cv-00028-JCC

**PLAINTIFFS' MOTION FOR APPROVAL OF CLASS REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES AND COSTS**

**NOTED FOR CONSIDERATION:
APRIL 4, 2023**

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES AND COSTS
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ................................................................................................... 2

    A. Class Counsel's work on behalf of the Class ........................................... 2

    B. Settlement negotiations. ............................................................................ 3

    C. The proposed Settlement returns a large percent of estimated damages to the Class ................................................................................. 3

III. ARGUMENT AND AUTHORITY ...................................................................... 4

    A. Class Counsel's requested attorneys' fee is reasonable and should be awarded ..................................................................................... 4

        1. The percentage-of-recovery analysis supports Class Counsel's fee request ...................................................................... 7

        2. A lodestar crosscheck confirms the reasonableness of the requested fee ......................................................................... 8

    B. Class Counsel request reimbursement of litigation costs that would be charged to a paying client. ......................................................... 9

    C. Plaintiffs' requested service awards should be approved .............................. 10

IV. CONCLUSION .................................................................................................... 11

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - ii
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page**

## STATE CASES

*Barnett v. Wal-Mart Stores, Inc.*,
   No. 01-2-24553-8 (King Cnty. Sup. Ct. July 20, 2009) .......................................................... 9

*Bowers v. Transamerica Title Ins. Co.*,
   100 Wn.2d 581, 675 P.2d 193 (1983) ................................................................................ 8

*Bowles v. Washington Dep't of Ret. Sys.*,
   121 Wn.2d 52, 847 P.2d 440 (1993) .......................................................................... 5, 6, 7

*Splater v. Thermal Ease Hydronic Systems, Inc.*,
   No. 03-2-33553-3 (King Cnty. Sup. Ct. July 31, 2009) .......................................................... 9

## FEDERAL CASES

*A.M. v. Moda Health Plan, Inc.*,
   C 14-1191 TSZ, 2015 WL 9839771 (W.D. Wash. Nov. 3, 2015) .......................................... 7

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
   No. CV 12-8499-JGB, 2016 WL 1375838 (C.D. Cal. Apr. 4, 2016) .................................... 10

*Dennings v. Clearwire Corp.*,
   No. C10-1859JLR, 2013 WL 1858797 (W.D. Wash. May 3, 2013) .................................... 7

*Estate of Brown v. Consumer Law Assocs., LLC*,
   No. 11-cv-0194-TOR, 2013 WL 2285368 (E.D. Wash. May 23, 2013) ................................ 7

*Hall v. L-3 Commc'ns Corp.*,
   2019 WL 3845460 (E.D. Wash. Aug. 2, 2019) ................................................................ 11

*Hopkins v. Stryker Sales Corp.*,
   No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) .................................. 10

*Ikuseghan v. Multicare Health Sys.*,
   No. C14-5539 BHS, 2016 WL 4363198 (W.D. Wash. Aug. 16, 2016) ................................. 7

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - iii
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980) ............................................................................................................ 4

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................................................................ 6

*Harris v. Marhoefer*,
    24 F.3d 16 (9th Cir. 1994) ................................................................................................ 10

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ......................................................................................... 5, 6

*In re Nat'l Collegiate Athletic Ass'n*,
    No. 4:14-md-2541-CW, 2017 WL 6040065 (N.D. Cal. Dec. 6, 2017) ............................... 11

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ............................................................................................ 10

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .............................................................................................. 5

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ....................................................................... 11

*Radcliffe v. Experian Info. Solutions, Inc.*,
    715 F.3d 1157 (9th Cir. 2013) .......................................................................................... 11

*Rivas v. BG Retail, LLC*,
    No. 16-cv-06458-BLF, 2020 WL 264401 (N.D. Cal. Jan. 16, 2020) ..................................... 8

*Rodriguez v. W. Publishing*,
    563 F.3d 948 (9th Cir. 2009) ............................................................................................ 10

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................................ 11

Vizcaino v. Microsoft Corp.,
    290 F.3d 1043, 1050 n.5 (9th Cir. 2002) ............................................................................ 6

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
    396 F.3d 96, 121 (2d Cir. 2005) ......................................................................................... 6

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - iv
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com


**OTHER AUTHORITIES**


Task Force on Contingent Fees, Tort Trial and Insurance Practice Section of the American Bar Association, *Report on Contingent Fees in Class Action Litigation*, 25 Rev. Litig. 459 (2006) .................................................................................................. 5

William B. Rubenstein, *Why the Percentage Method?*, 2 Class Action Attorney Fee Digest 93 (March 2008) ....................................................... 5

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - v
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiffs Valerie Sampson and David Raymond move for approval of class representative stipends and attorneys' fees and costs after reaching a settlement with Defendants in this class action lawsuit. The settlement requires Defendants to pay $450,000 to create a common fund for the benefit of the Class. The settlement amount will be used to pay settlement awards to Class members after deducting for Court-approved attorneys' fees and costs, service awards for the named Plaintiffs, and settlement administration costs. With this motion, Plaintiffs request the Court approve payment from the common fund of $5,000 to each of the Class Representatives for their service in this case, $65,545.82 to Class Counsel for reimbursement of costs, and $112,5000 to Class Counsel for attorneys' fees. If these amounts are approved, Class Counsel anticipate Class members will receive payments amounting to more than 77 percent of their estimated damages on the remaining claims in this case.

The requested Class Representative stipends are modest and fair given Plaintiffs' work on this case during the last five years, including assisting in the investigation and drafting the complaint, responding to written discovery, sitting for their depositions, and actively participating in the litigation and settlement discussion. The settlement is not conditioned on award of the requested stipends or any stipends, and therefore those proposed payments do not undermine the adequacy of Plaintiffs Sampson and Raymond as Class Representatives. The requested stipends are also consistent with awards in similar cases.

Class Counsel's request for reimbursement of their actual out-of-pocket litigation expenses and an award of fees is also reasonable. The requested costs reimbursement is for the actual amount of Class Counsel's litigation expenses, and the requested fee represents far less than Counsel's lodestar. Given Class Counsel's tireless efforts on behalf of the Class during the last five years, reimbursement of Counsel's actual costs and a fee award amounting to 25% of the common fund is reasonable.

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 1
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

For these reasons and those that follow, Plaintiffs request the Court approve Class Representative stipends and the payment of attorneys' fees and costs from the common fund.

## II.  BACKGROUND

**A.    Class Counsel's work on behalf of the Class.**

Plaintiff Sampson filed her class action complaint against Knight Transportation, Inc. in the Superior Court of Washington on October 14, 2016. ECF No. 5. Knight removed the case to this Court on January 6, 2017. ECF No. 1. Thereafter, Plaintiff amended the complaint to add Plaintiff David Raymond and to add Knight subsidiaries, Knight Refrigerated, LLC and Knight Port Services, LLC as Defendants. *See* Declaration of Erika L. Nusser ¶¶ 7-16; ECF No. 38.

Class Counsel conducted significant discovery regarding the merits of Plaintiffs' claims. Nusser Decl. ¶¶ 12-16. The parties exchanged initial disclosures in March 2017. *Id*. ¶ 13. Defendants served interrogatories, requests for production, and requests for admission, to which Plaintiffs responded. Plaintiffs also served multiple sets of interrogatories and requests for production of documents, to which Defendants responded. *Id.* Through this discovery, Plaintiffs obtained and analyzed extensive information—including hours and payroll data, Defendants' policies and information about practices, and voluminous email correspondence—concerning the composition of the class, the merits of Plaintiffs' claims and Defendants' defenses, and the potential damages. *Id.* ¶ 14. In addition to written discovery, Class Counsel interviewed Defendants' drivers and took three depositions of Defendants' agents. *Id*. ¶ 16. Class Counsel also defended the deposition of the two Plaintiffs and multiple absent class members. *Id.*

Plaintiffs moved for class certification in March 2018. ECF No. 52. Defendants filed an early motion for summary judgment around the same time. ECF No. 71. In response, Plaintiffs requested, and the Court agreed, to certify a question to the Washington State Supreme Court. ECF Nos. 80 and 92. After the Washington Supreme Court ruled on the certified question, this Court certified a class of Washington drivers. ECF No. 117. Following certification, Class Counsel

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 2
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

engaged an expert to analyze data produced by Defendants and calculate class-wide damages. Nusser Decl. ¶ 10. Overall, the parties exchanged more than 4,000 documents, which Class Counsel used to evaluate the strength of the claims and defenses. Nusser Decl. ¶ 15.

On December 22, 2021, the parties filed cross-motions for summary judgment, and Defendants also filed a motion to exclude Plaintiffs' experts. ECF Nos. 146, 147, 153. The parties fully responded to all pending motions before participating in mediation. *See* Nusser Decl. ¶ 11; ECF Nos. 159, 160, 162, 167, 168, 171. After a hearing on the parties' cross-motions for summary judgment, the Court dismissed Plaintiffs' rest break, minimum wage, and overtime claims, leaving the orientation and deduction claims for trial. ECF No. 187.

**B.      Settlement negotiations.**

By the time the parties commenced settlement negotiations, they understood the strength and weaknesses of their claims and defenses and the extent of class-wide damages. Nusser Decl. ¶ 18. The parties participated in an all-day mediation before experienced mediator, Antonio Piazza, on February 28, 2022. *Id.* ¶ 19. After further negotiations, the parties reached an agreement on the material terms of the settlement, which is memorialized in a Class Action Settlement Agreement and Release. *Id.*, Ex. 1. Plaintiffs believe the settlement to be fair, adequate, reasonable, and in the best interests of the Settlement Class. Nusser Decl. ¶ 20. At all times, the parties' settlement negotiations have been conducted in good faith and at arm's length. *Id*.

**C.      The proposed Settlement returns a large percent of estimated damages to the Class.**

The proposed Settlement requires Defendants to pay a total of $450,000 for the benefit of the Class. ECF No. 190-1 at § II.B.1. The common fund shall be used to pay Settlement Awards to Settlement Class Members, employee-side payroll taxes and withholdings associated with and deducted from the Settlement Awards, and Court-approved attorney fees and costs, service awards to the named Plaintiffs, and settlement administration expenses. *Id*. II.B.2. Defendants shall be separately responsible for payment of the employer share of payroll taxes

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 3
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

associated with the payments to Settlement Class Members that are attributable to alleged back wages. *Id*.

Each Settlement Class member will receive a proportional share of the Settlement Class Payment after deduction of any court-awarded attorney fees and costs, service awards, and settlement administration expenses, with a minimum Settlement Award of $25. Settlement Agreement § II.C.2. The awards will be proportional; a Settlement Class member whose calculated damages are higher will receive a proportionally larger settlement award than a person whose calculated damages are lower. *Id*. Assuming the Court awards the requested Class Representative stipends and attorneys' fees and costs, Plaintiffs estimate the average Settlement Award will exceed $280, with all Settlement Class Members receiving a payment amounting to more than 77 percent of their damages on the claims still at issue in this lawsuit. Nusser Decl. ¶ 21.

### III.  AUTHORITY AND ARGUMENT

**A.   Class Counsel's requested attorneys' fee is reasonable and should be awarded.**

Class Counsel request an attorneys' fee award of $112,500, which is 25% of the Settlement Fund. Settlement Class Members will be notified of Counsel's request in the Settlement Notice. *See* ECF No. 190-2. And this motion is being filed with at least 30 days for Class Members to object or otherwise respond to the request.

The common fund doctrine is an equitable exception to the American rule that litigants must bear their own attorneys' fees. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). It is well settled that "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Id.* The "common fund" doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Id.* A court with jurisdiction over the fund can "prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 4
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

benefited by the suit." *Id.*; *see also In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it"). As a matter of public policy, awarding fees from the common fund promotes "greater access to the judicial system" by making it easier for class action plaintiffs to obtain counsel. *Bowles v. Washington Dep't of Ret. Sys.*, 121 Wn.2d 52, 72, 847 P.2d 440 (1993).

Where, as here, counsel in a class action seek fees from the common fund, courts have discretion to employ either the lodestar method or percentage-of-recovery method to calculate a reasonable fee. *Id*. When determining the appropriate fee from a common fund, the percentage-of-the-fund method is preferred. *Id.* The percentage method aligns lawyers' interest with the interest of class members, since it encourages lawyers to concentrate their efforts on achieving the highest possible recovery for the class, which in turn increases the fee award. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."); *In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) (recognizing that the percentage method "is generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure'" (citation omitted)); *see also* William B. Rubenstein, *Why the Percentage Method?*, 2 Class Action Attorney Fee Digest 93 (March 2008) ("[U]nder the percentage method, counsel has an interest in generating as large a recovery for the class as possible, as her fee increases with the class's take, while keeping her hours to the minimum necessary to do the job effectively.");[1] Task Force on Contingent Fees, Tort Trial and Insurance Practice Section of the American Bar Association, *Report on Contingent Fees in Class*

---

[1] Available at https://billrubenstein.com/wp-content/uploads/2019/08/Rubenstein-_Mar08_column.pdf.

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 5
Case No. 2:17-cv-00028-JCC

*Action Litigation*, 25 Rev. Litig. 459, 469 (2006) (noting that the percentage method "has numerous advantages over the lodestar method," including its simplicity, the disincentive for attorneys to "bill unnecessary hours or to use three lawyers when one would do," and the fact that it "ties the lawyers' fee directly to the success of the litigation").

The lodestar method, by contrast, is typically used in cases involving a fee-shifting statute or when the class's recovery is difficult to determine. *See Bowles*, 121 Wn.2d at 72 ("While the lodestar method is generally preferred when calculating *statutory* attorney fees, the percentage of recovery approach is used in calculating fees under the common fund doctrine. The primary explanation for this distinction is that *statutory* attorney fees are separately assessed against the defendant while common fund attorney fees are taken directly from the recovery obtained by the plaintiffs." (citations omitted)); *In re Bluetooth*, 654 F.3d at 941 (courts use the lodestar method when the relief is "primarily injunctive in nature and thus not easily monetized"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (noting that courts use the lodestar method when "there is no way to gauge the net value of the settlement or any percentage thereof"). The lodestar method has been criticized as encouraging lawyers to prolong litigation and discourage early settlements that would benefit the class. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050 n.5 (9th Cir. 2002) ("[I]t is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement"); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (noting that the lodestar method "create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits" (alterations in original) (citation omitted)).

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 6
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1. <u>The percentage-of-recovery analysis supports Class Counsel's fee request.</u>

Under the "percentage of recovery" method attorneys are awarded a reasonable percentage of the total recovery, "often in the range of 20 to 30 percent." *Bowles*, 121 Wn.2d at 72; *City of Seattle v. Okeson*, 137 Wn. App. 1051, 2007 WL 884827, at *7 (2007) (unpublished) ("Twenty to thirty percent of the recovery is a typical benchmark used in awarding attorney fees under the common fund doctrine, but that figure can be adjusted based on the circumstances of the case."); *see also Ikuseghan v. Multicare Health Sys.*, No. C14-5539 BHS, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016) (awarding fee of 30% of the fund); *Estate of Brown v. Consumer Law Assocs., LLC*, No. 11-cv-0194-TOR, 2013 WL 2285368, at *4 (E.D. Wash. May 23, 2013) (awarding fee of 30% of the fund). Courts in this state can and do award fees even greater than 30% of a common fund. *See A.M. v. Moda Health Plan, Inc.*, C 14-1191 TSZ, 2015 WL 9839771, at *3 (W.D. Wash. Nov. 3, 2015) (awarding fee of 35% of settlement fund); *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 1858797, at *8 (W.D. Wash. May 3, 2013) (awarding fee of 35.78% of the fund).

Class Counsel's request for an award of 25% of the Settlement Fund is in the typical benchmark range and warranted given the value of the Settlement to the Class. The $450,000 Settlement Fund will ensure that Settlement Class Members recover a significant percentage of their unpaid wages during the Class Period on the claims that remain after summary judgment. *See Bowles*, 121 Wn.2d at 72 ("In common fund cases, the size of the recovery constitutes a suitable measure of the attorneys' performance.").

This Settlement was negotiated at a time when Class Counsel had an excellent understanding of the risks and expense to the Class of continued litigation. Because of their experience litigating these types of cases, Class Counsel were able to pursue targeted discovery to understand the strengths and weaknesses of the case and win important motions, including class certification and an early motion for summary judgment. Counsel were able to negotiate a favorable settlement without the need for a costly trial on the claims that remained after

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 7
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

summary judgment. Settlement Awards will return more than 77 percent of unpaid wages during the Class Period on the remaining claims, which is an excellent outcome for Settlement Class Members.

    2.    <u>A lodestar crosscheck confirms the reasonableness of the requested fee.</u>

Courts sometimes use a lodestar crosscheck to ensure the reasonableness of the fee award. William B. Rubenstein, Newberg on Class Actions § 15:84 (5th ed. June 2021 update). The court first calculates the "lodestar" by multiplying the reasonable hours expended by a reasonable hourly rate and may then enhance the lodestar with a multiplier to arrive at a reasonable fee. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597-99, 675 P.2d 193 (1983).

Class Counsel devoted more than 1,800 hours to the litigation and resolution of this case, incurring a lodestar exceeding $862,000. Nusser Decl. ¶ 25; Wolk Decl ¶ 5. This does not include the hours Counsel wrote off through the exercise of billing judgment. Class Counsel spent considerable time investigating the claims, researching and analyzing legal issues, conducting discovery, briefing motions, and engaging in settlement negotiations. Class Counsel's work was essential to ensure the successful prosecution and settlement of this case. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee.").

Class Counsel's hourly rates of $350-$575 for attorneys and $100-$195 for paralegal and support staff time are reasonable. In assessing the reasonableness of an hourly rate, courts consider "the usual billing rate, … the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case." *Bowers*, 100 Wn.2d at 587; *see also Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 WL 264401, at *7 (N.D. Cal. Jan. 16, 2020) ("To determine the prevailing market rate, courts may rely on attorney affidavits as well as 'decisions by other courts

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 8
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience.'" (citation omitted)). Class Counsel are experienced, highly regarded members of the bar with extensive expertise in class actions and complex litigation involving claims like the claims at issue in this case. They have provided the Court with declarations describing their background and experience. Nusser Decl. ¶¶ 1-6; ECF 191 ¶¶ 5-14. Class Counsel set their rates for attorneys and staff members based on a variety of factors, including the experience, skill, and sophistication required for the types of legal services performed, the rates customarily charged in the markets where legal services are typically performed, and the experience, reputation, and ability of the attorneys and staff members. Nusser Decl. ¶ 27; Wolk Decl. ¶ 9.

Class Counsel's fee request represents far less than their total lodestar, at rates similar to those that have been approved numerous times in class action cases. Nusser Decl. ¶ 25; Wolk Decl. ¶ 5; *see also*, *e.g.*, *Carideo v. Dell, Inc.*, No. 06-cv-01772, ECF No. 162 (W.D. Wash. Dec. 17, 2010) (approving as reasonable a fee petition which included rates ranging from $175 to $600); *Barnett v. Wal-Mart Stores, Inc.*, No. 01-2-24553-8 (King Cnty. Sup. Ct. July 20, 2009) (approving fee request based on rates ranging from $100 to $760); *Splater v. Thermal Ease Hydronic Systems, Inc.*, No. 03-2-33553-3 (King Cnty. Sup. Ct. July 31, 2009) (approving fee request based on rates ranging from $100 to $760); *Hartman v. Comcast Business Communications, LLC*, No. 10-0413, ECF No. 106 (W.D. Wash. Dec. 8, 2011) (approving fee request based on rates ranging from $180 to $650).

This case demanded litigators with Class Counsel's skill and experience and precluded work on other matters, a 25% fee in contingency cases is customary in Washington, and Class Counsel obtained excellent results for the Class.

**B.   Class Counsel request reimbursement of litigation costs that would be charged to a paying client.**

Class Counsel incurred more than $65,500 in litigation costs, including expert fees, filing and service fees, database hosting and electronic document production costs, mediation fees,

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 9
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

postage, and transcript costs. These costs were and are reasonable and necessary to this litigation and the type of costs normally charged to a paying client. Nusser Decl. ¶ 28; Wolk Decl. ¶ 11. Courts routinely reimburse these types of costs. Newberg § 16.10 (class counsel can typically recover costs from a common fund that would "normally be charged to a paying client"); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (counsel should recover "those out-of-pocket expenses that would normally be charged to a fee paying client"); *Corson v. Toyota Motor Sales U.S.A., Inc.*, No. CV 12-8499-JGB, 2016 WL 1375838, at *9 (C.D. Cal. Apr. 4, 2016) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable"); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *6 (N.D. Cal. Feb. 6, 2013) (awarding costs for document review, depositions, and experts). Class Counsel therefore respectfully request reimbursement of litigation costs in the amount of $65,545.82, which is their actual out-of-pocket costs.

### C.      Plaintiffs' requested service awards should be approved.

Plaintiffs request service awards of $5,000 each in recognition of their efforts on behalf of the Settlement Class. "At the conclusion of a class action, the class representatives are eligible for a special payment in recognition of their service to the class." Newberg § 17:1. Courts approve service awards in most class suits that average between $10,000 and $15,000. *Id.* Service awards "are intended to compensate class representatives for work undertaken on behalf of a class" and "are fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (citation omitted). The awards recognize the effort class representatives expend and the financial or reputational risk they undertake in bringing the case, and to recognize their willingness to act as private attorneys general. *Rodriguez v. W. Publishing*, 563 F.3d 948, 958-59 (9th Cir. 2009). They are generally approved if they are

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 10
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

reasonable and do not undermine the class representative's adequacy. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013).

The factors courts consider include the class representative's actions to protect the interests of the class, the degree to which the class has benefitted from those actions, the time and effort the class representative expended in pursuing the litigation, and any risk the class representative assumed. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Plaintiffs dedicated significant time assisting Class Counsel in this case during the last five-and-a-half years, including investigating the claims, preparing the complaint, contacting additional witnesses, and understanding the factual background of the lawsuit. Nusser Decl. ¶ 17. They each responded to interrogatories, requests for production, and requests for admission, and each were deposed. *Id.* In addition, Plaintiffs participated in mediation and numerous meetings with counsel and were prepared to testify at trial. *Id.* The requested awards are reasonable and in line with awards approved by federal courts in Washington and elsewhere. *See Hall v. L-3 Commc'ns Corp.*, 2019 WL 3845460, at *4 (E.D. Wash. Aug. 2, 2019) (approving $20,000 service award); *In re Nat'l Collegiate Athletic Ass'n*, No. 4:14-md-2541-CW, 2017 WL 6040065, at *11 (N.D. Cal. Dec. 6, 2017) (awarding $20,000 incentive awards to each of four class representatives and collecting cases approving similar awards); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (collecting decisions approving awards up to $40,000).

## IV.  CONCLUSION

For these reasons, Plaintiffs respectfully request the Court approve stipends of $5,000 each to the Class Representatives, and the payment of attorneys' fees in the amount of $112,500 and costs in the amount of $65,545.82.

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 11
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 9th day of December, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Erika L. Nusser, WSBA #40854
Erika L. Nusser, WSBA #40854
Email: enusser@terrellmarshall.com
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Hardeep S. Rekhi, WSBA #34579
Email: hardeep@rekhiwolk.com
Gregory A. Wolk, WSBA #28946
Email: greg@rekhiwolk.com
REKHI & WOLK, P.S.
529 Warren Avenue North, Suite 201
Seattle, Washington 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS
REPRESENTATIVE STIPENDS AND ATTORNEYS' FEES
AND COSTS - 12
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com