THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

VALERIE SAMPSON and DAVID RAYMOND, on their own behalf and on the behalf of all others similarly situated,

Plaintiffs,

v.

KNIGHT TRANSPORTATION, INC., an Arizona corporation, KNIGHT REFRIGERATED, LLC, an Arizona limited liability company, and KNIGHT PORT SERVICES, LLC, an Arizona limited liability company,

Defendants.

Case No. 2:17-cv-00028-JCC

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**NOTED FOR CONSIDERATION: APRIL 4, 2023**

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND .................................................................................................... 1

III. AUTHORITY AND ARGUMENT ....................................................................... 2

    A. Plaintiffs and Class Counsel have adequately represented the Settlement Class ................................................................................... 4

    B. The Settlement is the result of arm's-length, non-collusive negotiations ........ 4

    C. The relief provided for the Settlement Class is adequate ................................ 5

        1. The costs, risks, and delay of trial and appeal ....................................... 5

        2. The settlement will be fairly distributed to Settlement Class Members .................................................................................. 6

        3. Class Counsel's requested attorneys' fees are reasonable ................... 7

    D. The Settlement treats Settlement Class Members equitably relative to each other ................................................................................................... 8

    E. The reaction of the Settlement Class was positive ......................................... 8

    F. The Court-Ordered notice program is constitutionally sound ........................ 9

    G. The requested fees, costs, and service payments should be approved ............ 9

IV. CONCLUSION ...................................................................................................... 9

V. LCR 7(e)(2) CERTIFICATION ........................................................................... 10

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*A.M. v. Moda Health Plan, Inc.*,
  C 14-1191 TSZ, 2015 WL 9839771 (W.D. Wash. Nov. 3, 2015) ......................................

*Baker v. SeaWorld Ent., Inc.*,
  2020 WL 4260712 (S.D. Cal. July 24, 2020).................................................................. 8

*Bellinghausen v. Tractor Supply Co.*,
  306 F.R.D. 245 (N.D. Cal. 2015) ................................................................................... 6

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ......................................................................................... 4

*Dennings v. Clearwire Corp.*,
  No. C10-1859JLR, 2013 WL 1858797 (W.D. Wash. May 3, 2013) ............................. 7

*Estate of Brown v. Consumer Law Assocs., LLC*,
  No. 11-cv-0194-TOR, 2013 WL 2285368 (E.D. Wash. May 23, 2013).......................... 7

*Fossett v. Brady Corp.*,
  2021 WL 2273723 (C.D. Cal. Mar. 23, 2021)................................................................ 8

*Gehrich v. Chase Bank USA, N.A.*,
  316 F.R.D. 215 (N.D. Ill. 2015)..................................................................................... 6

*See Haralson v. U.S. Aviation Services Corp.*,
  2021 WL 5033832 (N.D. Cal. Feb. 3, 2021) ................................................................. 8

*In re Austrian & German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D.N.Y. 2000) ............................................................................. 8

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Civ. 2011)......................................................................................... 5

*In re Extreme Networks, Inc. Sec. Litig.*,
  2019 WL 3290770 (N.D. Cal. Jul. 22, 2019)................................................................. 8

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) ......................................................................................... 5

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - ii
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) .................................................................................... 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
    895 F.3d 597 (9th Cir. 2018) .................................................................................... 4

*Morgan v. Childtime Childcare, Inc.*,
    2020 WL 218515 (C.D. Cal. Jan. 6, 2020) ................................................................ 8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ........................................................................ 6, 8

*Ortiz v. Fiberboard Corp.*,
    527 U.S. 815 (1999) ................................................................................................. 4

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009) .................................................................................... 6

*Roes, 1–2 v. SFBSC Management, LLC*,
    944 F.3d 1043 (9th Cir. 2019) .................................................................................. 5

*Van Kempen v. Matheson Tri-Gas, Inc.*,
    No. 15-CV-00660-HSG, 2017 WL 3670787 (N.D. Cal. Aug. 25, 2017) ........................... 6

**STATE CASES**

*Bowles v. Washington Dep't of Ret. Sys.*,
    121 Wn.2d 52, 847 P.2d 440 (1993) ....................................................................... 7

*City of Seattle v. Okeson*,
    137 Wn. App. 1051, 2007 WL 884827 (2007) ........................................................ 7

**RULES**

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................................ 9

Fed. R. Civ. P. 23(e) ......................................................................................................... 2

Fed. R. Civ. P. 23(e)(1) .................................................................................................... 9

Fed. R. Civ. P. 23(e)(2) ................................................................................................ 2, 4

Fed. R. Civ. P. 23(e)(2)(C)(iii) ...........................................................................................

Fed. R. Civ. P. 23(e)(2)(D) .............................................................................................. 8

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iii
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Fed. R. Civ. P. 23(e)(3) ................................................................................................................ 3

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iv
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiffs Valerie Sampson and David Raymond request the Court grant final approval of the class action Settlement they reached with Defendants Knight Transportation, Inc. and its subsidiaries Knight Refrigerated, LLC and Knight Port Services, LLC. The Settlement, reached after more than five years of contested litigation, and following arm's-length negotiations, resolves this class action alleging violations of Washington's wage and hour laws.

The settlement requires Defendants to pay $450,000 to create a common fund for the benefit of the Class. The settlement amount will be used to pay settlement awards to Class members after deducting for Court-approved attorney fees and costs, service awards for the named Plaintiffs, and settlement administration costs. Class Counsel anticipate Class members will receive payments amounting to more than 77 percent of their estimated damages on the remaining claims in this case.

Settlement Administrator Simpluris implemented the Court-approved notice plan and successfully delivered notice to 97 percent of Settlement Class Members. And no Settlement Class Member objected to the Settlement or to Plaintiffs' request for approval of fees, costs, and Class Representative payments.

The proposed settlement is a favorable result for the Settlement Class, is fair, reasonable and adequate under the standards in this Circuit, and warrants approval by the Court. Accordingly, Plaintiffs respectfully request that the Court: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) granting Class Counsel $112,500 in attorneys' fees, and $65,545.82 for reimbursement of costs, (4) approving service payments to Ms. Sampson and Mr. Raymond in the amount of $5,000 each; and (5) approving administration costs of $12,000.

## II. BACKGROUND

Plaintiffs brought this class action alleging that Defendant's wage and hour practices violate Washington law. ECF No. 38 ¶ 1. Plaintiffs alleged Defendants: (1) failed to pay drivers for rest breaks; (2) failed to pay drivers minimum wage for all time worked; (3) failed to pay

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

drivers at least minimum wage for time spent in Defendants' mandatory orientation; (4) failed to pay drivers for overtime; (5) unlawfully deducted from drivers' wages; and (6) willfully engaged in the above unlawful actions. *Id*. The Court certified a class of Washington drivers on June 8, 2020. ECF No. 117.

Plaintiffs described the adversarial, hard-fought litigation that led to the class Settlement in their motion for preliminary approval. *See* ECF Nos. 189-191. During more than five years of litigation, the parties engaged in substantial discovery, including multiple rounds of written discovery that led to the production of more than 4,000 documents. ECF No. 190 ¶ 15. In addition to written discovery, Class Counsel interviewed Defendants' drivers and took three depositions of Defendants' agents. *Id*. ¶ 16. Class Counsel also defended the deposition of the two Plaintiffs and multiple absent class members. *Id.* Through this discovery, Plaintiffs obtained and analyzed extensive information—including hours and payroll data, Defendants' policies and information about practices, and voluminous email correspondence—concerning the composition of the class, the merits of Plaintiffs' claims and Defendants' defenses, and the potential damages. *Id.* ¶ 14. Following class certification, Class Counsel pursued additional class-wide discovery including updated hours and payroll data and retained an expert to calculate class wide damages. *Id*.; *see also* ECF No. 122.

The litigation was always adversarial. The parties engaged in extensive motions practice, including litigating a legal issue up to the Washington Supreme Court and, on December 22, 2021, the parties filed cross-motions for summary judgment, and Defendants also filed a motion to exclude Plaintiffs' experts. ECF Nos. 102, 146, 147, 153. The parties fully responded to all pending motions before participating in mediation. *See* ECF No. 190 ¶ 11; ECF Nos. 159, 160, 162, 167, 168, 171. After a hearing on the parties' cross-motions for summary judgment, the Court dismissed Plaintiffs' rest break, minimum wage, and overtime claims, leaving the orientation and deduction claims for trial. ECF No. 187.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Pursuant to the parties' settlement agreement, on October 19, 2022, Plaintiffs moved for preliminary approval of the Settlement. ECF No. 189. On November 8, 2022, the Court entered an order preliminary approving the Settlement and the proposed notice program. ECF No. 192. The parties required extra time to provide verified class member contact information to Simpluris, but once received, Simpluris executed the court-approved notice plan. *See* Declaration of Evelin Reyes ¶¶ 3-9. The steps Simpluris took to provide notice were successful, reaching 97 percent of Settlement Class Members. *Id*. ¶ 9.

### III.  AUTHORITY AND ARGUMENT

Rule 23(e) provides that courts should grant final approval to class action settlements that are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The 2018 amendments to Rule 23 articulate a four-factor test the intent of which is to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision …." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendments.

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether (1) the class representative and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The factors in Rule 23 are consistent with and embody those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. The factors previously discussed by the Ninth Circuit are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
Case No. 2:17-cv-00028-JCC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). Ultimately, "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

**A.    Plaintiffs and Class Counsel have adequately represented the Settlement Class.**

The Court previously found that Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of Class members in connection with class certification. ECF No. 117 at 8-9. Nothing has changed. Plaintiffs and Class Counsel have continued to vigorously represent the Settlement Class and have no conflicts of interest with any Settlement Class Members. Also, Plaintiffs were instrumental to the case and the Settlement. They assisted in drafting the complaint, participated extensively with counsel in responding to written discovery, sat for their depositions, and assisted in negotiating the settlement. ECF No. 190 ¶ 17.

**B.    The Settlement is the result of arm's-length, non-collusive negotiations.**

The Court is aware of the hard-fought nature of this litigation, and the parties approached settlement discussions in the same way. The parties negotiated the Settlement at arm's length, only after extensive discovery and motion practice. ECF No. 190 ¶¶ 7-17.

The parties' participated in an all-day mediation with experienced and respected mediator, Antonio Piazza, and reached an agreement on the material terms of the settlement after further negotiations. *Id.* ¶ 19. "[O]ne may take a settlement amount as good evidence of the maximum available if one can assume the parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining." *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999); *see also* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in negotiations may

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

bear on whether they were conducted in a manner that would protect and further the class interests").

Moreover, Class Counsel negotiated the Settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. *See* ECF No. 190 ¶¶ 2-17; ECF No. 191 ¶¶ 2-14. Class Counsel have extensive experience litigating and settling class actions, and in particular, wage and hour class actions. *Id*. And none of the "warning signs" of potential collusion the Ninth Circuit has identified exist here. *In re Bluetooth*, 654 F.3d at 947. Class Counsel have not requested a disproportionate distribution of the settlement. *See, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 938 (9th Civ. 2011) (involving a settlement that provided zero dollars for economic injury to the class, while setting aside up to $800,000 for class counsel); *Roes, 1–2 v. SFBSC Management, LLC*, 944 F.3d 1043 (9th Cir. 2019) (involving a settlement that provided counsel with attorneys' fees that were nearly half of the settlement fund). Rather, they seek just twenty-five percent of the Settlement Fund. The parties did not negotiate a "clear-sailing" arrangement, "in which defendants agreed not to object to an award of attorneys' fees." *In re Bluetooth*, 654 F.3d at 947. Finally, the Settlement does not contain a "kicker" in which "all fees not awarded would revert to defendants rather than be added to the cy pres fund or otherwise benefit the class." *Id*.

Class Counsel believe the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. ECF No. 190 ¶ 20.

**C.    The relief provided for the Settlement Class is adequate.**

In determining whether the relief provided to the Settlement Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

1.    <u>The costs, risks, and delay of trial and appeal.</u>

Defendants' agreement to pay $450,000 to settle this case is more than adequate given the risks and delays of continued litigation. If the Court approves the requested attorney's fees

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and costs, service awards, and settlement administration expenses, Class Counsel estimate Settlement Class Members will receive more than 77 percent of their actual damages on the claims remaining for trial. ECF No. 190 ¶ 21. This result exceeds similar settlements approved by other courts. *See, e.g., Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (affirming approval of settlement amounting to 30% of the estimated damages); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming approval of settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss); *Van Kempen v. Matheson Tri-Gas, Inc.*, No. 15-CV-00660-HSG, 2017 WL 3670787, at *5 (N.D. Cal. Aug. 25, 2017) (approving settlement of wage and hour class action that provided approximately 54% of the total potential recovery); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 257 (N.D. Cal. 2015) (approving wage and hour settlement fund that represented between 25.4% and 8.5% of defendant's total potential liability exposure).

Plaintiffs are confident in the strength of their case, but also pragmatic about the risks they faced. Since class certification, the Court dismissed several of Plaintiffs' claims and Plaintiffs still faced the hurdle of trial on their remaining claims. Litigating this case to trial and through any appeals would be expensive and time-consuming and would present risk to both parties. The settlement, by contrast, provides prompt and certain relief for Settlement Class Members. *See Rodriguez*, 563 F.3d at 966; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.") (citation omitted). The possibility that Class Members could end up recovering nothing at all was significant enough to convince Plaintiffs and Counsel that settlement outweighs the gamble and expense of further litigation.

2. <u>The settlement will be fairly distributed to Settlement Class Members.</u>

The funds will be allocated to Settlement Class members in a manner that is fair and reasonable. *See, e.g., Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (when some class members have stronger claims than others, it is appropriate to provide larger

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

settlement awards to those class members). Each Settlement Class Member's share will be a proportional amount based on the sum of all Settlement Class Members' estimated damages. These amounts are based on Plaintiffs' expert's calculation of the hours worked by Class Members based on Defendants' wage and hour data.

3. <u>Class Counsel's requested attorneys' fees are reasonable.</u>

Under Rule 23(e)(2)(C)(iii), the Court should consider "the terms of any proposed award of attorney's fees, including timing of payment." The Settlement Agreement provides that Plaintiffs' request for court-approved attorneys' fees will not exceed thirty percent (30%) of the total Settlement Fund ($135,000), ECF No. 190-1 § II.B.2. Class Counsel instead seek a fee award of $112,500, or twenty-five percent (25%) of the Settlement Fund, which is consistent with the range of twenty to thirty percent often awarded under Washington law, as well as in the Ninth Circuit. *See, e.g., Bowles v. Washington Dep't of Ret. Sys.*, 121 Wn.2d 52, 72, 847 P.2d 440 (1993); *City of Seattle v. Okeson*, 137 Wn. App. 1051, 2007 WL 884827, at *7 (2007) (unpublished) ("Twenty to thirty percent of the recovery is a typical benchmark used in awarding attorney fees under the common fund doctrine, but that figure can be adjusted based on the circumstances of the case."); *see also Ikuseghan v. Multicare Health Sys.*, No. C14-5539 BHS, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016) (awarding fee of 30% of the fund); *Estate of Brown v. Consumer Law Assocs., LLC*, No. 11-cv-0194-TOR, 2013 WL 2285368, at *4 (E.D. Wash. May 23, 2013) (awarding fee of 30% of the fund). Courts in this state can and do award fees even greater than 30% of a common fund. *See A.M. v. Moda Health Plan, Inc.*, C 14-1191 TSZ, 2015 WL 9839771, at *3 (W.D. Wash. Nov. 3, 2015) (awarding fee of 35% of settlement fund); *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 1858797, at *8 (W.D. Wash. May 3, 2013) (awarding fee of 35.78% of the fund).

The lodestar method confirms the propriety of the requested fee, which as set forth in Plaintiffs' Motion for Approval of Class Representative Stipends and Attorneys' Fees and Costs, reflects a "negative multiplier." *See* ECF No. 193 at 8. No Settlement Class Member objected to the award sought by Class Counsel. Reyes Decl. at ¶¶ 13-15.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**D.    The Settlement treats Settlement Class Members equitably relative to each other.**

Under Rule 23(e)(2)(D), the Court must consider whether the Settlement Agreement treats Settlement Class Members equitably relative to each other. Here, each Settlement Class Member will receive a pro rata share of the Net Settlement Fund. ECF No. 190-1 § II.C.2. These amounts are based on Plaintiffs' expert's calculation of the hours worked by Class Members based on Defendants' wage and hour data. Courts in the Ninth Circuit have concluded that settlements using the same formula to calculate the settlement share for each class member satisfy Rule 23(e)(2)(D). *See Haralson v. U.S. Aviation Services Corp.*, 2021 WL 5033832, at *5 (N.D. Cal. Feb. 3, 2021) (finding "the Settlement treats class members equitably and that this factor supports approval"); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *8 (N.D. Cal. Jul. 22, 2019) (finding equitable to class members an allocation based on pro rata distribution). This factor supports approval.

**E.    The reaction of the Settlement Class was positive.**

"[T]he absence of a large number of objections to the proposed class action settlement raises a strong presumption that the terms ... are favorable to the class members." *Fossett v. Brady Corp.*, 2021 WL 2273723, at *9 (C.D. Cal. Mar. 23, 2021) (*quoting Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)). The absence of many objectors supports the fairness, reasonableness, and adequacy of the settlement. *See Baker v. SeaWorld Ent., Inc.*, 2020 WL 4260712, at *8 (S.D. Cal. July 24, 2020); *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (citations omitted).

Here, the lack of any objections illustrates the Settlement Class's satisfaction with the terms of the Settlement. *See Morgan v. Childtime Childcare, Inc.*, 2020 WL 218515, at *2 (C.D. Cal. Jan. 6, 2020) ("Lack of objection speaks volumes for a positive class reaction to the settlement. The Court thus finds the settlement is fair, reasonable, and adequate.").

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
Case No. 2:17-cv-00028-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**F.    The Court-Ordered notice program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B).

The notice program consisted of multiple components, which included direct notice mailed to the class, an informational settlement website, and a toll-free information telephone line. Reyes Decl. at ¶¶ 2-9. The initial mailing took place on January 31, 2023. *Id*. at ¶ 9. If a Class Member's notice was returned as undeliverable without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) and was able to locate and send notice to 279 updated address. *Id*. ¶ 9. Ultimately, there were just twenty (20) notices that were undeliverable. *Id*. Settlement Administrator Simpluris implemented the Court-approved notice plan and successfully delivered notice to 97 percent of Settlement Class Members. *Id*.

**G.    The requested fees, costs, and service payments should be approved.**

For the reasons set forth in Plaintiff's Motion for Approval of Class Representative Stipends and Attorneys' Fees and Costs, ECF No. 193, Class Counsel respectfully request that the Court award Class Counsel's request for $112,500 in attorneys' fees and reimbursement of $65,545.82 in costs, and service payments in the amount of $5,000 each in recognition of Ms. Sampson's and Mr. Raymond's service to the Settlement Class.

## IV.  CONCLUSION

Plaintiffs respectfully request the Court enter an Order: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) granting Class Counsel $112,500 in attorneys' fees, and $65,545.82 for reimbursement of costs, (4) approving service payments to Ms. Sampson and Mr. Raymond in the amount of $5,000 each; and (5) approving administration costs of $12,000.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V. LCR 7(e)(6) CERTIFICATION

I certify that the foregoing memorandum contains 3,184 words in compliance with the Local Civil Rules.

RESPECTFULLY SUBMITTED AND DATED this 16th day of March, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Erika L. Nusser, WSBA #40854
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
Erika L. Nusser, WSBA #40854
Email: enusser@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Hardeep S. Rekhi, WSBA #34579
Email: hardeep@rekhiwolk.com
Gregory A. Wolk, WSBA #28946
Email: greg@rekhiwolk.com
REKHI & WOLK, P.S.
529 Warren Avenue North, Suite 201
Seattle, Washington 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
Case No. 2:17-cv-00028-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com